OPINION OF THE COURT
Lewis R. Friedman, J.
The complaint in this putative class action asserts that it is brought on behalf of all policyholders of State Farm where the policy insures "property located in the State of New York”. The heart of the complaint appears to be the charge that State Farm injured plaintiff and the members of the class by its practice of "routinely deducting all contractor’s profit and overhead from all of its repair or replacement cost estimates and in offering an advance check for this reduced amount to its insureds as payment of 'actual cash value’ ”.
Plaintiff resides in Orange County. State Farm is an insurance company with its principal office in the State of Illinois. It is licensed to do an insurance business in the State of New York and has its principal New York office in Ballston Spa; it has no office in New York County. As a foreign insurer State Farm’s principal office defines its residence for the purposes of the venue statutes (see, Providence Washington Ins. Co. v Squier Corp., 31 AD2d 514). Defendant seeks a change of venue to Saratoga County.
Defendant’s deceptively simple preanswer motion for a change of venue presents a question that is not discussed in class action cases. Plaintiff asserts that there are members of the putative class who reside in this County and that therefore venue is proper. The question posed becomes whether, in an action that has not yet been certified as a class action, the possible existence of a class member residing in a county is sufficient to allow a plaintiff to lay venue in that county. Plaintiff *72 contends that the decision on this motion should await the outcome of the class certification motion. Defendant seeks a resolution at this time.
CPLR 511 provides, without doubt, that the venue of an action should be decided at the earliest opportunity. A demand for a change of venue "on the ground that the county designated for that purpose is not a proper county shall be served with the answer or before the answer is served” (CPLR 511 [a]). Here defendant, in compliance with the statutory mandate, served a timely demand for a change of venue; plaintiff promptly served an affidavit in opposition and this motion, which was brought on with a stay of defendant’s time to answer, ensued (CPLR 511 [b]).
Plaintiff, in addition to suing on his own behalf, is purporting to sue on behalf of a multitude of unnamed persons. At this stage of the case the court cannot determine whether this is properly a class action, what the scope of any class ultimately certified will be, or, whether this is solely a proceeding on behalf of the named plaintiff. Those questions will not be resolved until there is a decision on the motion for class certification. The statutory structure requires a motion for class certification "within” 60 days after the time for the named defendant to answer (CPLR 902). That suggests, as is the established practice, that substantial litigation, such as limited discovery or motions pursuant to CPLR 3211, will occur prior to the making of the class certification motion.
The court finds that the proper interplay of CPLR 902 and 511 (a) is that if a motion for change of venue is promptly made the determination of venue should be resolved prior to the class certification motion. Conversely, if a motion to change venue is not made at the first opportunity, resolution of the motion may be deferred until after the determination of the class certification motion. If the decision on venue is deferred, nearly any class action could be brought in this County merely to suit the convenience of counsel. New York County is well known as the location of many members of the class action bar. While the court can empathize with a "convenience of counsel” standard, it is contrary to the framework dictated by CPLR 503.
Although there is no decision on point, it appears self-evident to this court that under the New York venue statute a class action is properly venued if at least one member of the class resides in the county where the action was brought. A venue rule based on the residence of "any member of the class” *73 reaches the same result as separately naming each member of the class as a party in the caption.
At this stage the action has not been certified as a class action and, with certain limitations (CPLR 908), can be treated as an action involving solely the named party. It may well be that the action is dismissed without reaching the merits or that class action status is inappropriate. At this juncture, therefore, in conformity with the statutes the court can only base its venue decision on the residence of the identified parties.
The few Federal cases which discuss the issue of the venue of a class action appear to follow the rule adopted here; they rely solely on the residence of the named parties to determine proper venue (Appleton Elec. Co. v Advance-United Expressways, 494 F2d 126, 140 [7th Cir 1974]; Research Corp. v Pfister Associated Growers, 301 F Supp 497, 501 [ND Ill 1969]; Dale Elecs. v R.C.L. Elecs., 53 FRD 531, 538 [D NH 1971]; cf., In re Northern Dist. of Cal. "Dalkon Shield" IUD Prods. Liab. Litig., 526 F Supp 887, 906, 909-910 [ND Cal 1981], revd on other grounds 693 F2d 847 [9th Cir 1982]).
There is no doubt that the venue based on the residence of the named parties is not "proper” in New York County (CPLR 503 [a], [c]). The CPLR affords a plaintiff the choice when setting the venue of an action (CPLR 509). The plaintiff has the option of joining as additional plaintiffs any other known members of the putative class. From the court’s reading of the complaint it appears likely that there are many members of the proposed class residing in this County. It is significant that plaintiff does not assert that he does not know of any other possible class members or that he is unable to obtain the name of at least one class member resident in this County. Here plaintiff, for what appears to be a strategic reason, has chosen not to join any other potential class member as a co-plaintiff.
Since the venue selected by the plaintiff is improper and no reasons are offered for retaining the action in this County, the motion for a change of venue to Saratoga County is granted (see, e.g., Kelson v Nedicks Stores, 104 AD2d 315, 316; Saxe v OB|GYN Assocs., 86 NY2d 820, 822).