■ SHELLEY KIDD et al., Respondents, v DELTA FUNDING CORPORATION et al., Appellants. [704 NYS2d 66] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 13, 1999, which, to the extent appealed from, denied defendants' motion to change venue to Nassau County without prejudice to renewal after completion of discovery, unanimously reversed, on the law, without costs, and the motion granted.

This action was commenced in Supreme Court, New York County, on behalf of the named plaintiffs and all others similarly situated. The complaint alleges that the members of

the putative class were all charged a processing fee that is prohibited by regulations promulgated by the New York State Banking Department pursuant to article 12-D of the Banking Law. Defendants moved to change venue to Nassau County, where all defendants reside, on the ground that neither of the named plaintiffs resides in New York County. By way of cross motion, plaintiffs sought to retain venue in the County designated in the complaint on the ground that numerous potential class members reside here and for the convenience of class members and unspecified witnesses, whose testimony is alleged to be material to plaintiffs' case. Plaintiffs submitted a list of nine potential class members whose last known address is in the County of New York. In the alternative, plaintiffs sought to place venue in Queens County, where one of the named plaintiffs resides.

Supreme Court denied the motion without prejudice to renewal "after determination as to where members of the potential class live" and "after the issues relating to the class certification are resolved". Both parties cited *Mazzocki v State Farm Fire & Cas. Co.* (170 Misc 2d 70) in support of the respective motions.

On appeal, defendants note that in *Mazzocki,* which involved identical facts, it was held that "the court can only base its venue decision on the residence of the identified parties" (*supra,* at 73). The court reasoned that as the result of the interplay of CPLR 902 and 511 (a), "if a motion for change of venue is promptly made[,] the determination of venue should be resolved prior to the class certification motion" (*supra,* at 72).

We agree. The statute provides that a motion to change venue predicated on the ground that venue is improper "shall be served with the answer or before the answer is served" (CPLR 511 [a]). By contrast, a motion for class certification must be brought "[w]ithin sixty days after the time to serve a responsive pleading has expired for all persons named as defendants" (CPLR 902). The statute therefore contemplates that where a motion challenging venue is promptly brought, the determination of proper venue will precede the application to certify the class. Furthermore, as the *Mazzocki* court noted, the Federal cases in which the question has been addressed "rely solely on the residence of the named parties to determine proper venue" (*Mazzocki v State Farm Fire & Cas. Co., supra,* at 73). For example, in *United States ex rel. Sero v Preiser* (506 F2d 1115, 1129, *cert denied* 421 US 921), the Second Circuit Court of Appeals stated that the requirements of the applicable Federal venue rule "may be satisfied if only the named

parties to a class action meet its requirements." The court noted, "Each named petitioner was confined in the district in which the action was brought", concluding that venue was therefore properly laid (*supra*, at 1130).

This approach is eminently fair because selection of the named representatives of the class for purposes of placing venue is completely under plaintiffs' control (CPLR 503 [a]; 509). Moreover, as defendants point out, the parties to a class action are "[o]ne or more members of a class" suing as "representative parties" on behalf of all the members (CPLR 901 [a]). The "parties" do not include absent class members, who are not thereby joined in the action (*see*, Siegel, NY Prac § 139, at 209 [2d ed]).

New York County is not a proper venue for this action because neither of the named plaintiffs resides here. Moreover, though not reached by Supreme Court, the arguments advanced by plaintiffs in support of retaining venue in the designated County fail to identify the proposed witnesses or to state whether they are prepared to testify, the nature of the anticipated testimony, how their testimony is material to the issued presented and how they would be inconvenienced (CPLR 510 [3]; *Heinemann v Grunfeld*, 224 AD2d 204; *see also*, *Dores v New York Med. Group*, 259 AD2d 297; *Fernandes v F.N. Projects*, 214 AD2d 525). Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.