806 So.2d 367 (2001)
Ex parte ALFA MUTUAL GENERAL INSURANCE COMPANY et al.
(Re Tymika L. Bosby et al. v. Alfa Mutual General Insurance Company et al.)
1000751.
Supreme Court of Alabama.
June 8, 2001.
M. Christian King and Melody L. Hurdle of Lightfoot, Franklin & White, L.L.C., Birmingham, for petitioner.
Submitted on petitioners' brief only.
WOODALL, Justice.
Alfa Mutual General Insurance Company, Alfa Mutual Insurance Company, Alfa Life Insurance Corporation, Alfa Life Insurance Company, Alfa Insurance Corporation, and Alfa General Insurance Corporation (hereinafter collectively referred to as "Alfa"), defendants in lawsuit filed in the Wilcox Circuit Court, petition this Court for a writ of mandamus directing Judge Marvin W. Wiggins to vacate his order transferring this action to Lowndes County and, instead, to grant Alfa's motion to transfer the action to Montgomery County. We grant the petition.
*368 This action began when Tymika L. Bosby, who had an automobile insurance policy with Alfa, filed a purported class action in the Wilcox Circuit Court against Alfa. In her complaint, she purported to represent the following class of plaintiffs:
"All residents of the State of Alabama who were insured pursuant to a casualty automobile insurance policy or uninsured/underinsured coverage issued by Alfa, who submitted a claim for damage to an insured automobile in excess of $500.00 from January 1, 1994, through the date this case is certified as a class action, and who did not receive payment for the diminished value as defined herein, and whose claim is not more than $74,000.00 per class member."
Bosby sought to "secure redress for Alfa's uniform and common practice of failing to restore vehicles to their pre-loss condition, including pre-loss value." Her complaint contained a single count alleging breach of contract.
In its answer, Alfa objected to venue of the action in Wilcox County and promptly moved to transfer the action to Montgomery County. In opposition to the motion to transfer, Bosby filed a letter and a memorandum brief, requesting that the court "leave the captioned case in Wilcox [County] or transfer it to Lowndes County." The trial court entered an order transferring the case to Lowndes County. Alfa then filed a "Motion to Reconsider," reiterating its request to transfer the action to Montgomery County. The trial court failed to rule on that motion; Alfa filed this petition for a writ of mandamus.
On February 15, 2001, this Court ordered answers and briefs in response to Alfa's petition. Bosby filed no response. Therefore, we must accept the following facts as uncontroverted.
Bosby, a resident of Montgomery County, was involved in an automobile accident in Lowndes County. At the time of the accident, she had in force a policy of automobile insurance issued by Alfa. Alfa, whose principal office is in Montgomery County, paid Bosby $2,817.25 to repair the damage to her automobile. Subsequently, Bosby moved to Wilcox County; she filed this action there.
This Court will issue a writ of mandamus only when the petitioner has demonstrated "`"(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."'" Ex parte Jordan, 779 So.2d 183, 184 (Ala.2000) (quoting Ex parte P & H Constr. Co, 723 So.2d 45, 47 (Ala. 1998), quoting in turn Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)); see also Ex parte Master Boat Builders, Inc., 779 So.2d 192 (Ala.2000). "A petition for a writ of mandamus is the appropriate means for challenging a trial court's refusal to transfer an action" because of improper venue. Ex parte Alabama Power Co., 640 So.2d 921, 922 (Ala. 1994).
Ala.Code 1975, § 6-3-7, provides that in civil actions against corporations, venue is proper in the following counties:
"(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
"(2) In the county of the corporation's principal office in this state; or
"(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does *369 business by agent in the county of the plaintiff's residence;
". . . ."
(Emphasis added.) When an action is commenced in a county in which venue is not proper under by § 6-3-7, the action may be transferred pursuant to Ala. R. Civ. P. 82(d), which provides, in pertinent part:
"(1) As of the Commencement of the Action. When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.
". . . .
"(3) Procedure on Transfer. In the event the venue of the action is or has become improper and venue is appropriate in more than one other court, a defendant sued alone or multiple defendants, by unanimous agreement, shall have the right to select such other court to which the action shall be transferred and, where there are multiple defendants who are unable to agree upon a transferee court, the court may transfer the action to any such other court."
(Emphasis added.)
Section 6-3-7(a)(3)[1] makes venue based on the plaintiffs residence proper only "[i]n the county in which the plaintiff resided... at the time of the accrual of the cause of action." (Emphasis added.) Because Bosby resided in Montgomery County when the cause of action accrued, i.e., when Alfa allegedly failed to pay the amount due under the policy, Wilcox County was never a proper venue under § 6-3-7, nor an "appropriate venue" for the action, as contemplated in Ala.Code 1975, § 6-3-21.1, the forum non conveniens statute.[2]
It is undisputed that Montgomery County is a proper venue for this action. Without conceding that venue would be proper in Lowndes County, the situs of the accident, Alfa acknowledges that an argument for venue in Lowndes County could be made. We need not, however, consider that argument, because, in any case, the trial court was without authority to transfer the action to Lowndes County. There is no provision in Rule 82(d) by which a plaintiff may designate the proper forum after having commenced the action in an improper forum. In such a case, that prerogative lies solely with the defendant. See also Ala.Code 1975, § 6-3-21, which provides: "A defendant in a civil action may move for a transfer of venue as provided in the Alabama Rules of Civil Procedure." (Emphasis added.)
Alfa, therefore, has demonstrated a clear legal right to the relief sought, namely, an order transferring the action to Montgomery County. Accordingly, we grant the petition and issue a writ directing the Wilcox Circuit Court to vacate its order transferring the action to Lowndes County and further directing that court to transfer the action to Montgomery County.
PETITION GRANTED; WRIT ISSUED.
*370 MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
NOTES
[1] The current version of § 6-3-7 became effective July 24, 1999. See Code Commissioner's Notes; see also Act No. 99-249, §§ 4 and 5, 1999 Ala. Acts. This action was commenced on December 30, 1999; therefore, venue as to it is governed by § 6-3-7 as amended effective July 24, 1999.
[2] The only apparent basis for venue in Wilcox County is the fact that the plaintiff currently resides in that county.