SMITH, Justice.
 

 The plaintiffs below, Walter M. James and Allen K. James, appeal, an order of the trial court granting a motion to dismiss filed by the defendant, James W. Rane. We dismiss the appeal.
 

 In 1999, the Jameses sued Rane, seeking a declaration as to the ownership of certain parcels of property located in Henry County. Both the Jameses and Rane claimed title to the property. Rane filed an answer to the complaint.
 

 In September 2004, the trial court dismissed the case for lack of action. The Jameses retained new counsel, and the case was reinstated. In January 2007, the Jameses filed an amendment to their original complaint adding fictitiously named defendants and asserting new causes of action. As amended, the complaint sought a declaratory judgment (counts I through III) and damages for trespass (count IV), trespass to chattel (count V), “unlawful
 
 *287
 
 cutting of trees” (count VI), negligence (count VII), wantonness (count VIII), infliction of emotional distress (count IX), and the tort of outrage (count X).
 

 On February 21, 2007, Rane filed a motion pursuant to Rule 12(b)(6), Ala. R. Civ. P., seeking the dismissal of counts VII through X of the complaint for failure to state a claim. The motion conceded that counts IV, V, and VI stated a claim but sought, pursuant to Rule 12(e), Ala. R. Civ. P., an order requiring the Jameses to provide a more definite statement regarding those counts.
 

 The Jameses replied to the motion to dismiss and also filed a statement providing additional factual and legal arguments regarding the claims stated in the amended complaint. On February 26, 2007, the trial court entered an order stating: “Motion to dismiss pursuant to Rule 12(b) filed by [Rane] is hereby granted. [The James-es have] fourteen days to respond to [Rane’s] motion to dismiss.” Additionally, the following entry appeared on the case-action summary: “E-filed order giving [the Jameses] 14 days to respond and motion to dismiss granted.”
 

 On March 12, 2007, the Jameses filed a motion “to reconsider and/or reinstate, or in the alternative, motion to alter, amend or vacate.” In it, the Jameses contended that their counsel did not receive notice of the trial court’s order until March 9, 2007. The motion requested the trial court to set aside its dismissal or, alternatively, to allow the Jameses 14 days from March 9, 2007, to respond to Rane’s motion.
 

 A hearing on the Jameses’ motion was scheduled; however, the trial court denied the motion before the hearing was to take place. The Jameses then filed a notice of appeal. This Court ordered appellate mediation, which was unsuccessful.
 

 On appeal, the Jameses appear to contend that the trial court dismissed all of their claims against Rane. The Jameses state: “[T]he trial court summarily dismissed the [Jameses’] entire case.” Jameses’ brief at 2. Although the Jameses do not contest the dismissal of counts VII, VIII, IX, and X, they offer numerous grounds to demonstrate that the trial court should not have dismissed the remaining counts I through VI.
 

 After reviewing the record, we conclude that, contrary to the Jameses’ premise, the trial court did not dismiss counts I through VI of the complaint. Rane’s motion, which was titled “Combined Motion to Dismiss and Motion for Definitive Statement,” sought a dismissal of
 
 only
 
 counts VII, VIII, IX, and X. As to the counts IV, V, and VI, Rane sought only an order requiring a more definite statement. The declaratory-judgment counts are not even mentioned in Rane’s motion. The motion thus concludes:
 

 “Counts Seven, Eight, Nine and Ten of the [Jameses’] Amended Complaint, which allege negligence, wantonness, intentional infliction of emotional distress and outrage, fail to state a claim upon which relief can be granted; therefore, these claims should be dismissed pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure as a matter of law....
 

 “Moreover, with respect to Counts Four, Five and Six of the [Jameses’] Amended Complaint which allege trespass, trespass to chattels and unlawful cutting of trees and shrubs, the [James-es] should provide a more definite statement pursuant to Rule 12(e) of the Alabama Rules of Civil Procedure. These counts do not allege with sufficient specificity the alleged facts and allegations against [Rane] to allow [Rane] the abili
 
 *288
 
 ty to properly investígate and respond to these allegations.”
 

 The trial court’s order appears to grant Rane’s motion in its entirety: “Motion to dismiss pursuant to Rule 12(b) filed by [Rane] is hereby granted. [The Jameses have] fourteen days to respond to [Rane’s] motion to dismiss.” The case-action-summary entry is slightly different: “E-filed order giving [the Jameses] 14 days to respond and motion to dismiss granted.” Although not models of clarity, the trial court’s orders indicate that Rane’s motion to dismiss, which requested the dismissal of only some claims, was granted; as to the motion for a more definite statement, it appears that the trial court granted that motion as well and required the Jameses to respond in 14 days.
 

 Because Rane requested a dismissal of only counts VII, VIII, IX, and X, only those claims were properly before the trial court on the motion to dismiss. Cf.
 
 Baugus v. City of Florence,
 
 968 So.2d 529 (Ala.2007);
 
 Robinson v. JMIC Life Ins. Co.,
 
 697 So.2d 461, 461 (Ala.1997) (“[W]e note that the trial court’s judgments adjudicated
 
 all
 
 of Robinson’s claims. This was error, because the defendants had sought summary judgments only as to the fraudulent suppression claim.”). Thus, only counts VII, VIII, IX, and X of the complaint were dismissed; the remaining counts, including the original counts seeking a declaratory judgment, which were not even mentioned in Rane’s motion, remain pending in the trial court.
 

 “The general rule is that a trial court’s order is not final unless it disposes of all claims as to all parties.”
 
 Dickerson v. Alabama State Univ.,
 
 852 So.2d 704, 705 (Ala.2002) (citing Rule 54(b), Ala. R. Civ. P.). “For a judgment to be final, it must put an end to the proceedings and leave nothing for further adjudication.
 
 Ex parte Wharfhouse Rest. & Oyster Bar, Inc.,
 
 796 So.2d 316, 320 (Ala.2001). ‘[Wjithout a final judgment, this Court is without jurisdiction to hear an appeal.’
 
 Cates v. Bush,
 
 293 Ala. 535, 537, 307 So.2d 6, 8 (1975).”
 
 Hamilton v. Connally,
 
 959 So.2d 640, 642 (Ala.2006).
 

 Because counts I through VI remain pending below, the trial court’s order dismissing part of the Jameses’ case is a nonfinal judgment. Thus, this Court does not have jurisdiction, and we must dismiss this appeal.
 
 Horn v. Brown,
 
 4 So.3d 1106 (Ala.2008).
 

 APPEAL DISMISSED.
 

 COBB, C.J., and SEE, WOODALL, and MURDOCK, JJ., concur.