BOLIN, Justice.
 

 The following petitioners, defendants in the trial court, filed separate petitions for a writ of mandamus in this proceeding arising from two actions filed and then consolidated in the Franklin Circuit Court: 3M Company, Inc., Daikin America, Inc., and Dyneon, LLC (case no. 1081246); To-ray Fluorofibers America, Inc. (case no. 1081254); and Synagro South, LLC, and Synagro-WWT, Inc. (“Synagro”) (case no. 1081265). We have consolidated the petitions for the purpose of writing one opinion because all three seek similar mandamus relief, i.e., a change of venue in the underlying actions. In ease no. 1081246 and case no. 1081254, we grant the petitions and issue the writs; in case no. 1081265, we grant the petition in part and deny it in part and issue the writ.
 

 I. Facts and Procedural History
 

 On February 5, 2009, Willard Stover filed a statewide class action in the Franklin Circuit Court against the petitioners in case no. 1081245 and case no. 1081265, Biological Processors of Alabama, Inc., and fictitiously named defendants (CV-09-900005-“the Stover action”), alleging that the defendants had negligently polluted farmland, grasslands, and water supplies in Franklin County and other counties in Alabama with perfluorooctanoic acid (“PFOA”), perfluorooctane sulfonate (“PFOS”), and other perfluorochemicals (hereinafter sometimes referred to as “bio-solids”).
 
 [1]
 
 The class Stover sought to represent was composed of “[a]ll persons within the State of Alabama who, within the past six years, have had PFOA, PFOS, and other perfluorochemicals released or dumped onto their property by the defendants.” At the time he filed the complaint, Stover resided in Lawrence County, and he did not own property in Franklin County.
 

 On February 16, 2009, David Gaston, a resident of Franklin County, filed a complaint in the Franklin Circuit Court against only Synagro and other fictitiously named parties (CV-09-900009-“the Gaston action”), alleging that the defendants had negligently caused and/or allowed PFOA and PFOS to be released onto his property in Franklin County.
 
 [2]
 
 The next day, Ga-ston filed a motion, pursuant to Rule 42, Ala. R. Civ. P., seeking to have his case consolidated with the Stover action; the trial court consolidated the cases. On February 19, 2009, Franklin County, by and through the Franklin County Commis
 
 *1230
 
 sion, intervened as a plaintiff in the Stover action. All the plaintiffs filed a second amended complaint on February 23, 2009, adding as defendants Toray Fluorofibers America, Inc., and Toray Carbon Fibers America, Inc.,
 
 [3]
 
 and purporting to bring claims on behalf of a statewide class.
 

 The defendants moved to transfer the Stover action to Morgan County, where the defendants’ manufacturing facilities are located, pursuant to Rule 82(d), Ala. R. Civ. P., contending that venue in Franklin County was improper under § 6-3-7, Ala. Code 1975, and, alternatively, that, if venue was proper in Franklin County, the case should nonetheless be transferred to Morgan County, pursuant to Ala.Code 1975, § 6-3-21.1 (the
 
 forum non conve-niens
 
 statute). Specifically, the defendants stated, among other things, that Sto-ver is a resident of Lawrence County; that Stover does not own any property in Franklin County; that the principal places of business in Alabama for all the defendants is in Morgan County; and that relevant witnesses and documents pertaining to the stated claims are located in Morgan County. The plaintiffs filed a response, requesting that “should the Court find that another county would be a more convenient forum for the Stover [action], the appropriate relief would be to send that case, and not the Gaston [action] ... to Lawrence, not Morganf,] County. This is so because Mr. Stover and his contaminated property are both located in Lawrence, not Morgan[,] County.”
 

 The trial court conducted an evidentiary hearing on May 1, 2009, and entered an order on May 18, 2009, concluding that venue for the Stover action was proper in Franklin County under § 6-3-7(a)(l), because
 
 “many of
 
 the acts or omissions complained of in the Stover [action] took place in Franklin County” and “many parcels of real property in Franklin County were affected by the conduct giving rise to plaintiffs claims in the Stover [action].” The trial court further agreed with the defendants that a significantly more convenient forum than Franklin County was available. However, the trial court disagreed that Morgan County was the most convenient forum. The trial court instead “deconsolidated” the Stover action and the Gaston action and sua sponte transferred the Stover action to Lawrence County — on the bases that Stover was a resident of Lawrence County and that the vast majority of the spreading of biosolids took place there.
 
 [4]
 
 The trial court further ordered
 
 *1231
 
 that the Gaston action remain in Franklin County because that action “arises solely out of injuries incurred in Franklin County.”
 

 Synagro petitioned this Court for a writ of mandamus, directing the Franklin Circuit Court to transfer the consolidated action — i.e., the Stover action and the Gaston action — to Morgan County. The remaining named defendants (other than Biological Processors of Alabama, Inc.), in two separate petitions, sought a writ of mandamus, directing the Franklin Circuit Court to transfer only the Stover action to Morgan County.
 

 II. Standard of Review
 

 “This Court will issue a writ of mandamus only when the petitioner has demonstrated ““(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” ’
 
 Ex parte Jordan,
 
 779 So.2d 183, 184 (Ala.2000) (quoting
 
 Ex parte P & H Constr. Co,
 
 723 So.2d 45, 47 (Ala.1998), quoting in turn
 
 Ex parte United Serv. Stations, Inc.,
 
 628 So.2d 501, 503 (Ala.1993)); see also
 
 Ex parte Master Boat Builders, Inc.,
 
 779 So.2d 192 (Ala.2000). ‘A petition for a writ of mandamus is the appropriate means for challenging a trial court’s refusal to transfer an action’ because of improper venue.
 
 Ex parte Alabama Power Co.,
 
 640 So.2d 921, 922 (Ala.1994).”
 

 Ex parte Alfa Mut. Gen. Ins. Co.,
 
 806 So.2d 367, 368 (Ala.2001).
 

 III. Discussion
 

 At the outset, we note that the petitioners point to the fact that in the Stover action the trial court did not enter an order determining that that action could be maintained as a class action and that such an order is mandatory. In
 
 Bagley v. City of Mobile,
 
 352 So.2d 1115, 1118 (Ala.1977), this Court stated:
 

 “The record is silent as to whether a hearing was had on the class action question, and absent an order of the trial court determining the suit could be maintained as a class action. An order of determination is mandatory. 3B Moore’s Federal Practice, ¶ 23.50, at p. 23-1101. The trial court has the duty to determine the class action question whether or not a motion is made by either of the parties.
 
 Rodriguez v. East Texas Motor Freight,
 
 505 F.2d 40 (5th. Cir.1974). It must determine, before entry of judgment, that all prerequisites of [Rule] 23(a) are met and, in addition, that at least one of the three requirements of [Rule] 23(b) are satisfied. 3B Moore’s Federal Practice, ¶ 23.03, at p. 23-228; Rule 23(c)(1). These findings and determinations were not made, therefore there are before us only the named plaintiffs.... ”
 

 Because there is nothing before this Court to indicate that the trial court determined whether the Stover action could be maintained as a class action, only Stover, the named plaintiff, is before us.
 

 Stover contends that venue in Franklin County is proper under § 6-3-7(a)(1) because, he says, the biosolids were spread onto property in Franklin County and venue is therefore proper there under both the “events or omissions” and “real property” prongs of § 6-3-7(a)(l). Specifically, he argues:
 

 “Likewise, subsection (b) [of § 6-3-7] does not limit in any way the prong of subsection (a)(1) making venue proper in the county in which a ‘substantial part of real property that is the subject of the action is situated.’ Subsection (b) deals
 
 *1232
 
 only with the residency of plaintiffs. The words ‘real property’ do not appear anywhere in subsection (b). Accordingly, when evaluating the propriety of venue, it is appropriate to look at the location of the real property that ‘is the subject of the action,’ and
 
 since this is a class action, venue is proper where such property belonging to plaintiffs and the class members ‘is situated.’
 
 Ala.Code 1975, § 6 — 3—7(a)(1).”
 

 (Emphasis added.)
 

 The petitioners, on the other hand, argue that § 6-3-7(a)(l) cannot be interpreted to allow for venue in a county based upon nothing more than the existence of property there, owned by parties not before the Court. Specifically, they argue that § 6 — 3—7(b) provides that only the residence of the class representative in the original complaint is considered and that the residence of a class member other than the named class representative may not be considered.
 

 The dispositive issue is whether Franklin County is a proper venue for the Stover action under § 6-3-7, Ala.Code 1975, when Stover’s only connection to Franklin County is that the property on which the bioso-lids were spread belongs to other unnamed class members. It is undisputed that venue in the Gaston action was initially proper in Franklin County; Gaston resides there and owns property there. We would also note that although Synagro seeks to have the entire consolidated action transferred to Morgan County, it, nonetheless, fails to show that the trial court exceeded its discretion in leaving the Gaston action in Franklin County where venue is undisput-edly proper. As noted in note 4, supra, in consolidated actions, the parties and pleadings in one action do not become parties and pleadings in the other.
 
 H.J.T. v. State ex rel. M.S.M.,
 
 34 So.3d 1276, 1278 (Ala.Civ.App.2009).
 

 Section 6-3-7 specifies the proper venue for civil actions brought in Alabama courts against corporations. That section provides:
 

 “(a) All civil actions against corporations may be brought in any of the following counties:
 

 “(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
 

 “(2) In the county of the corporation’s principal office in this state; or
 

 “(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
 

 “(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.
 

 “(b)
 
 The residence of only any properly joined named class representative or representatives may be considered in determining proper venue in a class action. The residency of any putative or actual member of a class other than a named representative shall not be considered in determining proper venue for a class action.”
 

 (Emphasis added.)
 

 Stover, a resident of Lawrence County, commenced this action in Franklin County on behalf of himself and all plaintiffs similarly situated who had had PFOA and PFOS released or dumped onto their property by the defendants. Stover did not
 
 *1233
 
 own property in Franklin County. Suffice it to say, our research has failed to reveal any caselaw from this jurisdiction interpreting § 6 — 3—7(a)(1) to allow a named plaintiff asserting a putative class action (who neither resides in the county he has chosen as forum nor owns property there) to lay venue in a county where a putative class member resides or owns property. Although there is no decision on point, we conclude that it is self-evident under § 6-3 — 7(b) that this Court can base its venue decision only on the residence of a named class representative. Other jurisdictions in analyzing the venue in a putative class action follow this logic. We find especially persuasive the holding in
 
 Mazzocki v. State Farm Fire & Casualty Co.,
 
 170 Misc.2d 70, 71, 649 N.Y.S.2d 656, 657 (N.Y.Sup.1996), in which a New York court addressed an identical issue:
 

 “The question posed becomes whether, in an action that has not yet been certified as a class action, the possible existence of a class member residing in a county is sufficient to allow a plaintiff to lay venue in that county.”
 

 In resolving the issue, the New York court stated:
 

 “At this stage the action has not been certified as a class action and, with certain limitations ... can be treated as an action involving solely the named party. It may well be that the action is dismissed without reaching the merits or that class action status is inappropriate. At this juncture, therefore, in conformity with the statutes the court can only base its venue decision on the residence of the identified parties.
 

 “The few Federal cases which discuss the issue of the venue of a class action appear to follow the rule adopted here; they rely solely on the residence of the named parties to determine proper venue
 
 (Appleton Elec. Co. v. Advance-United Expressways,
 
 494 F.2d 126, 140 [7th Cir.1974];
 
 Research Corp. v. Pfister
 
 Associated
 
 Growers,
 
 301 F.Supp. 497, 501 [N.D. Ill.1969];
 
 Dale Electronics v. RCL Electronics,
 
 53 F.R.D. 531, 538 [D.N.H.1971];
 
 cf. In re Northern Dist. of Cal. ‘Dalkon Shield’ IUD Products Liab. Litig.,
 
 526 F.Supp. 887, 906, 909-910 [N.D. Cal.1981],
 
 revd on other grounds
 
 693 F.2d 847 [9th Cir.1982]).”
 

 170 Misc.2d at 73, 649 N.Y.S.2d at 658.
 

 In the instant case, Stover, the only named plaintiff, commenced an action in a county, Franklin County, that has no connection to his claims. Accordingly, Franklin County is not a proper forum. As noted by the petitioners, to construe § 6-3-7(a)(l) as Stover suggests would allow venue to be proper in any county of the state simply by virtue of the assertion of statewide class allegations in a complaint.
 

 When an action is commenced in a county in which venue is not proper under § 6-3-7, Ala.Code 1975, the action may be transferred pursuant to Rule 82(d), Ala. R. Civ. P., which provides, in pertinent part:
 

 “(1)
 
 As of the Commencement of the Action.
 
 When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.
 

 [[Image here]]
 

 “(3)
 
 Procedure on Transfer. In the event the venue of the action is
 
 or has become
 
 improper
 
 and venue is appropriate in more than one other court, a defendant sued alone or multiple
 
 defendants,
 
 by unanimous agreement,
 
 shall have the right to select such other court to which the action shall be transferred
 
 and, where there are multiple defendants who are unable to agree upon a
 
 *1234
 
 transferee court, the court may transfer the action to any such other court.”
 

 (Emphasis added.)
 

 Furthermore, “[t]here is no provision in Rule 82(d) by which a
 
 plaintiff
 
 may designate the
 
 proper
 
 forum after having commenced the action in an
 
 improper
 
 forum. In such a case, that prerogative lies solely with the defendant.”
 
 Ex parte Alfa Mut. Gen. Ins. Co.,
 
 806 So.2d at 369. In the instant case, the defendants moved to transfer the Stover action to Morgan County. It is undisputed that Morgan County is a proper venue for the Stover action. The principal places of business in Alabama for all the defendants are in Morgan County, and relevant witnesses and documents pertaining to the stated claims are located in Morgan County. The trial court, however, transferred the Stover action to Lawrence County — apparently at Stover’s request, also an appropriate venue based on the
 
 forum non conveniens
 
 statute. Because we conclude that venue was
 
 improper
 
 in Franklin County, the trial court was without authority to transfer the Stover action to any forum other than one requested by the defendants.
 

 Stover raises an additional argument regarding Rule 82(d), Ala. R. Civ. P. Specifically, Stover argues that Rule 82(d) requires that the defendants’ motion to transfer be by unanimous consent and that, in this case, Biological Processors of Alabama, Inc., a named defendant, did not consent to the transfer. This argument is without merit. During the hearing on the motions for a change of venue, this issue was discussed, and it was revealed that Biological Processors had not been served with the complaint. Stover has included in his answer and brief in opposition to the petitions for a writ of mandamus a copy of the summons and complaint, indicating that Biological Processors was served on June 29, 2009. However, service of process was not effected until after the hearing on the motion for a change of venue and after the entry of the trial court’s order, dated May 18, 2009, transferring the Stover action to Lawrence County. Our review in this case is limited to only those facts that were before the trial court.
 
 Ex parte Pike Fabrication, Inc.,
 
 859 So.2d 1089, 1091 (Ala.2002). Because it was openly admitted during the hearing that Biological Processors had not been served when the trial court entered its order on the change-of-venue motions, Biological Processors was not a party at the time and could not have consented to a transfer.
 

 IV. Conclusion
 

 We conclude that the petitioners have demonstrated a clear legal right to an order transferring the Stover action to the Morgan Circuit Court. We further conclude that venue in the Gaston action is proper in Franklin County. Accordingly, we grant the petitions and issue a writ directing the Franklin Circuit Court to vacate its order transferring the Stover action to Lawrence County and further directing that court to transfer the Stover action to Morgan County, and we deny that part of Synagro’s petition requesting that we also transfer the Gaston action to Morgan County.
 

 1081246 — -PETITION GRANTED; WRIT ISSUED.
 

 1081254 — PETITION GRANTED; WRIT ISSUED.
 

 1081265 — PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, PARKER, MURDOCK, and SHAW, JJ., concur.
 

 [1]
 

 . Specifically, the allegations stem from the practice of spreading biosolids (sewage sludge culled from industrial and human waste) on farmland as a way of disposing of this byproduct of municipal sewage treatment. These human-waste by-products contain, among other things, PFOA and PFOS, which are alleged to be highly toxic substances.
 

 [2]
 

 . Synagro actually performed the "spreading" of the biosolids onto the farmlands. The other petitioners operate manufacturing facilities in Morgan County.
 

 [3]
 

 . Toray Carbon Fibers America, Inc., was dismissed from the action before these petitions were filed.
 

 [4]
 

 . The separate nature and identity of consolidated actions was discussed in
 
 H.J.T. v. State ex rel. M.S.M.,
 
 34 So.3d 1276, 1278 (Ala.Civ.App.2009), in which the Court of Civil Appeals stated:
 

 " '[Wjhen two or more actions are consolidated under Rule 42, Ala. R. Civ. P., the actions do not lose their separate identities.
 
 League v. McDonald,
 
 355 So.2d 695, 697 (Ala.1978). Moreover, "[a]n order of consolidation does not merge the actions into a single [action], change the rights or the parties, or make those who are parties to one [action] parties to another.” Jerome A. Hoffman, Alabama Civil Procedure § 5.71 (2d ed.2001) (citing
 
 Evers v. Link Enters., Inc.,
 
 386 So.2d 1177 (Ala.Civ.App.1980)). Finally, " 'in consolidated actions ... the parties and pleadings in one action do not become parties and pleadings in the other.’ ”
 
 Ex parte Flexible Prods. Co.,
 
 915 So.2d 34, 50 (Ala.2005) (quoting
 
 Teague v. Motes, 57
 
 Ala.App. 609-13, 330 So.2d 434, 438 (Civ.1976)).'
 

 “Solomon v. Liberty Nat'l Life Ins. Co.,
 
 953 So.2d L211, 1222 (Ala.2006).
 
 When actions are ordered consolidated, 'each action retains its separate identity and thus requires the entry of a separate judgment.' League v. McDonald,
 
 355 So.2d 695, 697 (Ala.1978).”