BRYAN, Justice.[1]
In appeal no. 1120678, Michael D. Beam appeals from orders entered by the Chil-ton Circuit Court in a conservatorship proceeding. In appeal no. 1120679, Michael appeals a will-contest proceeding that is currently pending in the Chilton Circuit Court. For the reasons set forth herein, we dismiss both of Michael’s appeals.

Procedural History

On November 18, 2004, Willodene Beam, the wife of James Troy Beam, and Michael, one of James and Willodene’s sons, were appointed by the Chilton Probate Court as co-guardians of James and co-conservators of his estate. Before that, the probate court had appointed Fletcher D. Green as James’s guardian ad litem. In January 2008, Willodene died, and, in March 2008, Michael was appointed as James’s sole guardian and conservator. On March 31, 2008, at Michael’s request, the Chilton Probate Court appointed Janice Hull to conduct an accounting of any and all financial transactions handled by Michael and Willodene from the date of their appointment on November 18, 2004, through March 20, 2008. In January 2009, James died and Fletcher Green, James’s guardian ad litem, filed a motion for a final settlement of the conservatorship. On February 2, 2009, at Michael’s request, the Chilton Probate Court ordered James’s conservatorship to employ the accounting firm of Hull & Russell, P.C., to “perform and complete the final accounting” that was required following James’s death. See § 26-5-7, Ala.Code 1975 (providing that “a final settlement of the conservator-ship must be made” upon the death of the ward).
On January 26, 2009, James Daniel Beam (“Jim”), another son of James and Willodene, petitioned the Chilton Probate Court to probate James’s will. On February 18, 2009, Ellen Ann Beam Taylor and Carol Sue Beam Rickels, James and Willo-dene’s daughters, filed a will contest, a petition for appointment of a special administrator ad colligendum, and a “notice of removal” of the will contest pursuant to § 43-8-198, Ala.Code 1975.[2] On the same day, the Chilton Probate Court entered an order transferring the will-contest proceeding to the Chilton Circuit Court; that action was assigned case no. CV-09-0025. On May 21, 2009, the Chilton Circuit Court entered an order appointing David Karn as a special administrator ad colligendum in the will-contest proceeding.
In August 2009, Karn filed a motion in the Chilton Probate Court to remove the conservatorship to the Chilton Circuit Court. Karn’s motion stated that his request was made pursuant to § 26-2-2, Ala. Code 1975, and he attached an affidavit stating that he was the administrator ad colligendum for the estate of James Troy Beam and that, in his opinion, the conser-vatorship could best be administered in the Chilton Circuit Court. On August 5, 2009, the Chilton Probate Court entered an order purporting to “transfer and remove” the conservatorship action to the Chilton Circuit Court. On August 27, 2009, the Chilton Probate Court transferred the con-servatorship file to the Chilton Circuit Court, and, on the same day, the Chilton Circuit Court assigned that action case no. CV-09-0114. The Chilton Circuit Court (“the circuit court”) immediately ordered Michael “to provide a full statutory accounting of the conservatorship of James *573 Troy Beam.” On August 31, 2009, at the request of Carol Sue and Ellen Ann, the circuit court consolidated the conservator-ship action and the will-contest action.
On November 10, 2009, Michael filed in the circuit court a “Petition for Final Settlement of Conservatorship!;] Claim by Conservator for Compensation!; and] Claim by Conservator for Reimbursement.” Michael asked the circuit court to accept Hull’s accounting for the period between November 18, 2004, and March 31, 2008,[3] and to accept the final accounting attached to his petition for the period from March 31, 2008, through February 28, 2009. Michael requested, among other things, “fair and just compensation to the Conservator for the faithful execution of his duties as Conservator”; an award “to the Conservator of reimbursement for those funds expended by him individually for benefit of [James] and [Willodene] during the period of the Conservatorship”; and “reasonable compensation for the personal services the Conservator performed for the benefit of [James] and [Willodene] during the period of the Conservatorship.”
Jim filed an objection to Michael’s petition for final settlement of the conservator-ship estate, arguing (1) that the petition did not contain the vouchers required by statute, (2) that the accounting submitted was “confusing, incomplete, and fail[ed] to account for all receipts and disbursements of the Conservator,” and (3) that the accounting submitted contained “claims for compensation and reimbursements ... which are exorbitant, not supported by vouchers or other records, and on their face are contradictory of other disbursements asserted in the accounting.” Ellen Ann and Carol Sue also filed an objection to Michael’s final settlement of the conser-vatorship and to Michael’s claim for compensation and reimbursement. They alleged, among other things, that Michael’s final accounting was inconsistent with pri- or records he had produced and included numerous cash disbursements for which there was no explanation. On September 20, 2010, Ellen Ann and Carol Sue also filed a petition to assess liability against Michael as the conservator of James’s estate.
The circuit court conducted an ore tenus hearing on Michael’s petition for final settlement, and the objections thereto, on August 24, 2011. On February 8, 2012, the circuit court entered an “Order on Petition for Approval of Conservator’s Accounting, Claim for Compensation and Claim for Reimbursement.” The circuit court purported to enter a judgment in favor of James’s estate and against Michael in the amount of $352,205, plus the costs of the proceeding.[4] The circuit court also purported to rule on Michael’s request for compensation and reimbursement of expenses, and it reserved ruling on a request for attorney fees by Jim, Ellen Ann, and Carol Sue.
In May 2012, Jim, Ellen Ann, and Carol Sue filed petitions seeking attorney fees related to their objections to Michael’s petition for final settlement. Michael objected to the requests for attorney fees and filed a “motion to reopen and reconsider order on petition for approval of conservator’s accounting.” On September 25, 2012, the circuit court conducted a hearing and entered an order denying Michael’s motion *574 to reopen and reconsider the order “for approval of conservator’s accounting.”
On October 2, 2012, the circuit court entered an order awarding Ellen Ann, Carol Sue, and Jim attorney fees they had incurred in contesting Michael’s final settlement of James’s conservatorship. The attorney for Ellen Ann and Carol Sue was awarded $25,000; the attorney for Jim was awarded $14,763.87. The circuit court ordered the administrator ad colligendum to pay those amounts from the estate in trust to the attorneys. The circuit court then entered a judgment in favor of James’s estate against Michael in the sum of $39,763.87 to reimburse the estate for the attorney fees and expenses awarded to Ellen Ann, Carol Sue, and Jim.
On October 25, 2012, within 30 days of the entry of the October 2, 2012, order, Michael filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., challenging, among other things, the assessment of attorney fees. Michael’s motion was denied by operation of law on January 23, 2013. See Rule 59.1, Ala. R. Civ. P. On March 5, 2013, within 42 days of the day his postjudgment motion was denied by operation of law, Michael filed a notice of appeal in case no. CV-09-0144, the conser-vatorship proceeding (appeal no. 1120678), as well as in case no. CV-09-0025, the will-contest proceeding (appeal no. 1120679). This Court consolidated Michael’s appeals on June 10, 2013, for the purpose of writing one opinion.

Jurisdiction

It is well settled that, except in limited circumstances not applicable here, this Court does not have jurisdiction to consider an appeal taken from a nonfinal judgment. See, e.g., James v. Rane, 8 So.3d 286, 288 (Ala.2008)(holding that this Court is without jurisdiction to hear an appeal from a nonfinal judgment); and Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 362 (Ala.2004) (“When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.” (internal quotation marks omitted)). It is undisputed that the circuit court has not entered a final judgment, or even conducted a trial, in case no. CV-09-0025, the will-contest proceeding. Because this Court does not have jurisdiction to consider an appeal taken from a nonfinal judgment, Michael’s appeal in case no. 1120679 is due to be dismissed. See James, 8 So.3d at 288.[5]
Regarding appeal no. 1120678, Michael’s appeal from the conservatorship proceeding (case no. CV-09-0114), we conclude, for the reasons set forth herein, that the circuit court never obtained subject-matter jurisdiction over the conservator-ship proceeding, that the circuit court’s orders in case no. CV-09-0144 are therefore void, and that appeal no. 1120678 is also due to be dismissed.
“The court of probate from which the appointment of a conservator is derived has jurisdiction of the settlement, partial or final, of the accounts of the conservator.” § 26-5-1, Ala.Code 1975. The circuit court purportedly gained subject-matter jurisdiction over the conservatorship pro *575 ceeding after the probate court granted the administrator ad colligendum’s petition to remove the conservatorship, allegedly pursuant to § 26-2-2, Ala. Code 1975, which provided the sole basis for the circuit court to obtain jurisdiction over the pending conservatorship proceeding in this case. Section 26-2-2 states:
“The administration or conduct of any guardianship or conservatorship of a minor or incapacitated person may be removed from the probate court to the circuit court, at any time before the final settlement thereof by the guardian or conservator of any such guardianship or conservatorship or guardian ad litem or next friend of such ward or anyone entitled to support out of the estate of such ward without assigning any special equity, and an order of removal must be made by the court or judge upon the filing of a sworn petition by any such guardian or conservator or guardian ad litem or next friend for the ward or such person entitled to support out of the estate of such ward, reciting in what capacity the petitioner acts and that in the opinion of the petitioner such guardianship or conservatorship can be better administered in the circuit court than in the probate court.”
This Court has recognized that “a marked similarity exists between the language of § 26-2-2 and the language of Ala.Code 1975, § 12-11-41, which governs the removal of the administration of a decedent’s estate from the probate court to the circuit court.” Ex parte Casey, 88 So.3d 822, 828 (Ala.2012) (plurality opinion). Section 12-11-41, Ala.Code 1975, provides:
“The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, dis-tributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court.”
In Casey, this Court held that the circuit court did not have authority to remove “ ‘the administration or conduct of [a] guardianship or conservatorship’” pursuant to § 26-2-2 because, at the time the petition for removal was filed in and granted by the circuit court, the probate court had not yet “aet[ed] upon” the petition for letters of guardianship and conservator-ship by creating a guardianship or conser-vatorship. 88 So.3d at 829. We reached that conclusion after comparing the language of § 26-2-2 and § 12 — 11—41 and analogizing cases interpreting § 12 — 11—41 that concluded that the administration of an estate is subject to removal pursuant to § 12-11-41 only after the probate court “act[s] upon” a petition to administer an estate. 88 So.3d at 829 (citing Ex parte Smith, 619 So.2d 1374, 1376 (Ala.1993)).
In DuBose v. Weaver, 68 So.3d 814 (Ala.2011), this Court concluded that the circuit court did not obtain subject-matter jurisdiction over the administration of an estate pursuant to § 12-11-41 because, at the time the estate administration was purportedly removed to the circuit court, the administration of the estate had not yet been initiated in the probate court and because the circuit court never “enter[ed] an order purporting to remove the admin *576 istration of the estate from probate court.” 68 So.3d at 822. In DuBose, as in the present case, the petition for removal was filed in and was granted by the probate court, instead of the circuit court. This Court, in DuBose, stated that “the filing of a petition for removal in the circuit court and the entry of an order of removal by that court are prerequisites to that court’s acquisition of jurisdiction over the administration of an estate pursuant to § 12 — 11— 41.” Id. (final emphasis original). Thus, we concluded in DuBose that the circuit court never obtained subject-matter jurisdiction over the administration of the estate, that the judgment entered by the circuit court was void, and that the appeal was due to be dismissed.
Because the language from § 26-2-2 mirrors the language in § 12-11-41, we conclude here, as we did in DuBose, that the “filing of a petition for removal in the circuit court and the entry of an order of removal by that court are prerequisites to that court’s acquisition of jurisdiction over” a conservatorship proceeding under § 26-2-2. DuBose, 68 So.3d at 822 (emphasis added) (“ ‘ “ ‘Unless expressly authorized so to do, a court has no authority to transfer a cause from itself to another court, and thereby give the other court possession of the case to hear and determine it, although the other court would have had jurisdiction of the cause if it had come to it by due process.’ 21 C.J.S., Courts, § 502, p. 769(quoting Allen v. Zickos, 37 Ala.App. 361, 364, 68 So.2d 841, 843 (1953), and citing Ex parte Boykin, 611 So.2d 322, 326 (Ala.1992))). This conclusion is consis- - tent with prior decisions of this Court applying § 26-2-2, which note that the proper procedure is for the petition for removal to be filed in and granted by the circuit court. See, e.g., Ex parte Casey, 88 So.3d at 826-27 (noting that a petition for removal pursuant to § 26-2-2 was filed in the circuit court and granted by that court); Fuller v. Jackson, 519 So.2d 936, 937 (Ala.1988) (same); and McNairy v. McNairy, 416 So.2d 735, 735-36 (Ala.1982) (same). Thus, because in this case a petition for removal was not filed in the circuit court and “at no time did the circuit court enter an order purporting to remove the [conser-vatorship proceeding] from the probate court,” DuBose, 68 So.3d at 822, we conclude that the circuit court never obtained subject-matter jurisdiction over the con-servatorship proceeding.
Furthermore, we note that the petition for removal was filed by Karn, the administrator ad colligendum of James’s estate, and that Karn does not fall within the category of persons who may file a petition for removal pursuant to § 26-2-2 “without assigning any special equity.” Section 26-2-2 provides that a petition for removal, without assigning any special equity, may be filed only by “the guardian or conservator ... or guardian ad litem or next friend of such ward or anyone entitled to support out of the estate of such ward.” Karn did not assign any special equity in his petition for removal. He simply stated that, in his opinion, “the conservatorship can best be administered in the Circuit Court of Chilton County under the Rules of Civil Procedure.” This Court has held that a petition for removal filed in and granted by the circuit court was insufficient to convey subject-matter jurisdiction to the circuit court when the petitioner did not fall within the category of parties set forth in § 26-2-2 and no special equity had been assigned in the petition for removal. See Smith v. Smith, 248 Ala. 49, 51, 26 So.2d 571, 571 (1946) (holding that the next of kin of a deceased ward did not have the absolute right to remove the administration of a guardianship proceeding from the probate court to the circuit court because the predecessor statute to § 26-2-2 did *577 not include next of kin in the list of persons granted that absolute right). Thus we conclude that Karn’s petition for removal, even if it had been properly filed in and granted by the circuit court, was insufficient to support removal of the conserva-torship to the circuit court because Earn did not assign any special equity to support the petition for removal and he was not included in the list of persons in § 26-2-2 who may petition for the removal of the conservatorship proceeding without assigning special equity.
For the foregoing reasons, we conclude that the circuit court never obtained subject-matter jurisdiction over the conserva-torship proceeding and that the orders entered by the circuit court in case no. CV-09-0144 are void and therefore due to be vacated. Because a void order will not support an appeal, we dismiss appeal no. 1120678 and direct the circuit court to vacate the orders entered in case no. CV-09-0144. See Hunt Transition & Inaugural Fund, Inc. v. Grenier, 782 So.2d 270, 274 (Ala.2000). We note that, because the circuit court never obtained jurisdiction over the conservatorship proceeding, jurisdiction over that proceeding remains in the probate court.

Conclusion

Based on the foregoing, these appeals are dismissed.
1120678 — APPEAL DISMISSED.
STUART, PARKER, SHAW, and WISE, JJ., concur:
BOLIN and MURDOCK, JJ., concur specially.
MOORE, C.J., dissents.
1120679 — APPEAL DISMISSED.
MOORE, C.J., and STUART, BOLIN, PARKER, MURDOCK, SHAW, and WISE, JJ., concur.

. This case was assigned to Justice Bryan on November 19, 2013.

. We note that § 43-8-198 provides for the transfer, as opposed to the removal, of a will contest to the circuit court from the probate court.

. Although the probate court ordered an accounting for the period ending March 20, 2008, Michael filed an accounting for the period ending March 31, 2008.

. The circuit court also purportedly entered a judgment in favor of James's estáte against Western Surety Company, the surety of Michael’s conservator’s bond, in the amount of the $50,000 bond.

. It is possible that Michael filed a notice of appeal in the will-contest proceeding because some of the circuit court’s orders, including the February 8, 2012, order, which concerned only the conservatorship proceeding, were entered in both case no. CV-09-0114 (the con-servatorship proceeding) and case no. CV-09-0025 (the will-contest proceeding). We note that, although the will-contest proceeding and the conservatorship proceeding were consolidated in the circuit court, the will-contest proceeding and the conservatorship proceeding maintained separate identities and required the entry of separate judgments. See Ex parte 3M Co., 42 So.3d 1228, 1231 n. 4 (Ala.2010).