PER CURIAM.
Carl Eugene Hill (“the husband”) petitions this court to issue a writ of mandamus ordering the Shelby Circuit Court to transfer the divorce action filed by Amber Nicole Hill (“the wife”) to the Bibb Circuit Court. We deny the petition.

Analysis

On August 12, 2013, the wife filed in the Shelby Circuit Court a petition for protection from abuse against the husband (“the protection-from-abuse action”). In that petition, the wife alleged that she was a resident of Shelby County and that the husband was a resident of Bibb County. Alabama Code 1975, § 30-5-3(e)(l), provides that a petition for a protection order may be filed “[w]here the plaintiff or defendant resides.” In her answer to the petition for a writ of mandamus, the wife asserts that she was living temporarily in a domestic-violence shelter at the time she filed the protection-from-abuse action. Alabama Code 1975, § 30-5-3(c)(2), provides that a petition for a protection order may be filed “[w]here the plaintiff is temporarily located if he or she has left his or her residence to avoid further abuse.” Hence, the Shelby Circuit Court was a proper venue for the protection-from-abuse action.
On March 7, 2014, the wife filed a complaint in the Shelby Circuit Court seeking a divorce from the husband (“the divorce action”). In that complaint, the wife did not include any allegations regarding the county of either party’s residence. In a later affidavit filed in support of his motion to transfer the divorce action, the husband attested that he and the wife had lived in Bibb County together until their separation on August 9, 2013, that he had never resided in Shelby County, and that he believed the wife had moved to Shelby County. The wife does not dispute those facts in her answer to the petition for a writ of mandamus, so we treat them as having been established. See Ex parte Turner, 840 So.2d 132, 134-35 (Ala.2002) (holding that respondent’s “failure to respond to the allegations in [the] petition for a writ of mandamus compels this Court to consider the averments of fact in [the] petition as true”). Alabama Code 1975, § 30-2-4, in pertinent part, provides that “[c]omplaints for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred.... ” Because the husband resided in Bibb County both at the time.of the filing of the complaint in the divorce action and at the time of the parties’ separation, the Bibb Circuit Court is the proper venue for the divorce action.
On March 12, 2014, the wife filed in the Shelby Circuit Court a motion to consolidate the protection-from-abuse action with the divorce action. In that motion, she noted that the husband’s attorney had been contacted and that he had objected to the consolidation, but the wife did not set out the basis for that objection. According to the wife, on March 14, 2014, the Shelby Circuit Court held a hearing on the motion to consolidate and the husband did not raise any objections to the motion at that time. The husband does not contest those allegations, which this court must accept as true. See Ex parte Guaranty Pest Control, Inc., 21 So.3d 1222, 1227 (Ala.2009) (quoting King v. Smith, 288 Ala. 215, 219, 259 So.2d 244, 248 (1972), quoting in turn Ex parte Adams, 216 Ala. 353, 355, 113 So. 513, 515 (1927)) (“‘“In passing upon the petition for mandamus, the return or answer of respondent, unless controverted, is to be taken as true.” ’ ”). On March 18, 2014, the Shelby Circuit Court entered an order consolidating the two actions.
*704 Rule 42(a), Ala. R. Civ. P., provides:
“Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.”
When two actions are consolidated, they do not lose their separate identities, and the order of consolidation does not merge the two actions into one civil action. Ex parte 3M Co., 42 So.3d 1228, 1230 n. 4 (Ala.2010). However, an order consolidating cases does represent a judicial determination that the interests of justice would be better served by trying the cases together in one setting. See Mooney Aircraft, Inc. v. Adams, 377 S.W.2d 123, 127 (Tex.Civ.App.1964). By failing to lodge a timely objection to a motion for consolidation, and thereby acquiescing to an order granting the motion, a party, by implication, acknowledges that the consolidated cases should be decided in one trial in the same forum. See Yavapai Cnty. v. Superior Court in and for Yavapai Cnty., 13 Ariz.App. 368, 370, 476 P.2d 889, 891 (1970). It would be “antithetical to a consolidation of actions” for the defendant to later move for a change of venue on the theory that one of the actions should be tried separately in another forum. Id.
“Since a retained right to change venue of a constituent cause of action is incompatible with the single-trial concept of consolidation, a waiver of the right to change venue is inherent in a failure to assert such right prior to consolidation. Stating essentially the same thing another way, failure to object to a motion for consolidation of actions for trial in the Superior Court of a particular county is tantamount to an acceptance of that Court as the proper forum to hear and determine each action consolidated. These conclusions accord with the principle that venue is a personal, procedural right without jurisdictional status which may be waived by a failure of timely assertion.”
Yavapai Cnty., 13 Ariz.App. at 370, 476 P.2d at 891.
In Ex parte 3M Co., supra, two separate class actions were filed in Franklin County and consolidated under Rule 42. After consolidation, the defendants moved to transfer the first class action to Morgan County. The trial court subsequently “de-consolidated” the cases and, sua sponte, transferred the first class action to Lawrence County, leaving the second class action in Franklin County. 42 So.3d at 1230. In reviewing two petitions for a writ of mandamus arising from the trial court’s order, the supreme court initially held that the trial court did not have to transfer both actions to Morgan County because the consolidation did not merge those actions together and the second action had clearly been filed in the proper venue. 42 So.3d at 1232. The supreme court did not discuss the effect of the defendants’ failure to object to the motion to consolidate the actions, however. The opinion states that the plaintiff in the second class action filed the motion to consolidate the day after filing his complaint and that the trial court granted that motion the same day. 42 So.3d at 1229. From that chronology, it appears that the defendants had not been provided with any opportunity to object to the motion to consolidate, so the supreme court had no occasion to consider whether the defendants had waived an objection to venue by agreeing to the consolidation. Moreover, the trial court in Ex parte 3M did vacate its earlier order of consolidation before ruling on the motions to transfer, which further places that case in a different procedural posture than this case. We do not read Ex parte 3M as inconsistent *705 with the holding in Yavapai County, upon which we are relying.
In this case, when filing her motion to consolidate, the wife informed the Shelby Circuit Court that the husband had an unspecified objection to consolidation. However, the undisputed facts show that the husband, through counsel, appeared at the hearing on the motion to consolidate and did not formally object to trying the divorce action in the same trial with the protection-from-abuse action in Shelby County. That failure to object resulted in a waiver of the husband’s right to later claim that Shelby County is an improper venue for the trial of the divorce action.

Conclusion

“‘ “A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 8) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).” ’
“Ex parte Wilson, 854 So.2d 1106, 1108-09 (Ala.2002) (quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998)).”
Ex parte J & W Enters., LLC, 150 So.3d 190, 193 (Ala.2014). Because the husband waived his objection to venue in Shelby County, the husband has not shown a clear legal right to an order transferring the divorce action to Bibb County. Thus, we deny his petition for a writ of mandamus.
PETITION DENIED.
All the judges concur.