MURDOCK, Justice.
This ease concerns a dispute between Cheryl Weaver and Stuart C. DuBose, an attorney who represented Weaver and who also served as the personal representative of the estate of Joseph J. Sullivan, deceased (“the estate”), in which Weaver had an interest. We vacate the judgment of the Mobile Circuit Court, dismiss the case, and dismiss the appeal.

I. Facts and Procedural History

The present case is not the first case before this Court concerning the relationship between DuBose, Weaver, and the estate. See Ex parte Alabama State Bar, 3 So.3d 178 (Ala.2008) (staying disciplinary proceedings against DuBose that arose out of his representation of Weaver and the estate). As this Court noted in Alabama State Bar:[1]
“In April 2003 Cheryl Weaver asked Dubose, then a practicing attorney, to *816 prepare and draft a will for Joseph J. Sullivan. Sullivan, an elderly widower, lived in Washington County and had no immediate family living nearby. Weaver had been Sullivan’s caretaker for more than a decade, and when Sullivan became ill he eventually moved in with Weaver, who continued to care for him. Weaver informed Dubose that Sullivan was dying and that he wanted to leave his entire estate to her. Sullivan’s estate was substantial; it consisted of various bank accounts, stocks in various companies, and real property. Dubose drafted a will naming Weaver as the executor and sole beneficiary of Sullivan’s estate. According to Dubose, Weaver also told him that she wanted him to be named in the will as the attorney for the estate. Dubose included in the will provisions naming himself as the successor personal representative as well as the attorney for the estate. Dubose stated that he explained to Weaver the proper procedure to effectuate the due execution of the will by Sullivan. He also prepared a certifícate to be signed by Sullivan’s physician stating that Sullivan was competent and directed Weaver to have it signed. Du-bose did not meet with or speak to Sullivan regarding the will or its provisions before preparing the will.
“Sullivan signed the will on April 11, 2003; he died on April 29, 2003. On May 6, 2003, Weaver and Dubose, apparently in anticipation of an action by Sullivan’s heirs contesting the will, entered into a contingency contract whereby Dubose was employed to represent both Sullivan’s estate and Weaver. Sullivan’s estate and Weaver agreed to pay Dubose 33% from the proceeds of any settlement obtained before the filing of a will contest and 40% from the proceeds of any settlement obtained after the filing of any will contest. The agreement also provided that Sullivan’s estate and Weaver would pay the cost of any investigation that might be required.”
In May 2003, with DuBose’s assistance, Weaver filed in the Washington Probate Court a petition to admit Sullivan’s will to probate and a petition for letters testamentary. In August 2003, before the will was admitted to probate, Sullivan’s heirs filed a petition in the Washington Circuit Court contesting the will (“the will-contest petition”).[2]
*817 Contemporaneously, Sullivan’s heirs filed in the probate court a “Petition for Transfer and Removal of the Estate from Probate Court to Circuit Court for Will Contest Proceedings” (“the transfer/removal petition”). The transfer/removal petition specifically referenced Ala. Code 1975, § 43-8-198, which provides for the transfer of a pending will contest by the probate court to the circuit court. The transfer/removal petition also contained allegations, however, that “in the opinion of Contestants/Plaintiffs [i.e., Sullivan’s heirs,] the said estate can be better administered in the Circuit Court of this County than in the Probate Court” and that “there has been no final settlement of said decedent’s estate, and no proceedings have been taken in the Probate Court of this County preparatory to a final settlement of said estate.”[3]
On August 22, 2003, the probate court issued an order in relation to the transfer/removal petition. The order stated that the petition “pray[ed] for the removal of the administration of the said decedent’s estate from the Probate Court ... to the Circuit Court.” (Emphasis added.) Also, the order states that “the Estate of Joseph J. Sullivan, deceased, be and the same hereby is removed from the Probate Court of Washington County, Alabama, and transferred to the Circuit Court of Washington County, Alabama, to be administered and processed according to the law and Court rule.” (Emphasis added.) The order of the probate court makes no specific reference to a will contest.[4] Thereafter, the Washington Circuit *818 Court purported to appoint a special administrator of the estate and to conduct proceedings concerning the will contest; the probate court apparently took no further action concerning the estate.
DuBose represented Weaver in the will contest. On February 14, 2005, after Sullivan’s heirs and Weaver entered into a settlement agreement concerning the will contest, Sullivan’s heirs filed a motion to dismiss the will contest. On that same date, the circuit court entered an order dismissing the will contest with prejudice.
Also on February 14, 2005, Weaver and DuBose filed a petition to probate the will, along with what appears to be a copy of the will, in the Washington Circuit Court. Contemporaneously, Weaver filed a renunciation of her right to be appointed sole personal representative of the estate, and she and DuBose filed a petition for letters testamentary, requesting that they be appointed co-personal representatives of the estate. On the same date, the Washington Circuit Court entered an order purporting to admit the will to probate and an order granting Weaver and DuBose’s petition for letters testamentary. An electronic stamp on the petition to probate the will, on the copy of the will, on the renunciation, on the petition for letters testamentary, and on the orders of the Washington Circuit Court admitting the will to probate and granting the petition for letters testamentary reflects that those documents were recorded in the “Miscellaneous” records, “Book # 148,” of the probate court after the Washington Circuit Court entered the orders; the will was also recorded in the book maintained by the probate court for the recording of wills.
Within a week after their appointment as co-personal representatives of the estate, a dispute arose between Weaver and DuBose as to the compensation allegedly due DuBose. DuBose contended that, pursuant to the contingency-fee agreement he and Weaver had entered into concerning the will contest, he was entitled to 40% of Weaver’s portion of the estate, which was valued at approximately $2.5 million, including corporate stock and real property. Weaver contended that the value of the stock and the real property was not to be included in calculating DuBose’s fee and that DuBose was entitled only to 40% of the cash assets of Weaver’s portion of the estate. Consequently, on February 18, 2005, DuBose filed in the purported estate-administration proceeding in the circuit court a verified claim against the estate claiming that he was entitled to $127,630 for his services as co-personal representative and that he was entitled to “[fjorty percent (40%) of all assets of the Estate[,] which for Estate Tax Return purposes were valued at $2,566,975.00,” as attorney fees. In response, Weaver, having obtained new counsel, filed in the same proceeding a “Complaint and Objection to Verified Statement” in which she objected to the verified claim and asserted claims against DuBose alleging breach of fiduciary duty, legal malpractice, misrepresentation/suppression, and negligent administration of the estate.[5]
*819 The judges of the First Judicial Circuit, which includes Washington County, re-cused themselves from the case; the recu-sals were apparently based upon concerns about an appearance of impropriety because DuBose, a party in a legal action, regularly practiced law before the judges at issue. Then Chief Justice Drayton Na-bers assigned the case to Judge John R. Lockett of the Mobile Circuit Court. Subsequently, because DuBose was elected as a circuit judge in Washington County, Judge Lockett granted a motion filed by Weaver to transfer the case to the Mobile Circuit Court.
Weaver’s and DuBose’s claims were set for trial. On the date of the scheduled trial, they informed the court that they had reached a settlement, and DuBose read the settlement, which he had written by hand, into the record. The circuit court had the parties orally assent to each paragraph of the settlement as it was read. In pertinent part, the settlement provided that Weaver would receive from the estate $1,200,000 and approximately 600 acres of land, including Sullivan’s homestead property. DuBose would receive whatever remained of the estate after Weaver received her share. The settlement also stipulated that DuBose would be appointed sole personal representative of the estate for the purpose of effectuating the details of the settlement. The settlement stated that “[cjlosing [is] to occur as soon as [DuBose, as personal representative,] can transfer and sell all stock to provide necessary funds to satisfy the [$]1.2 million.”
Based upon the terms of the parties’ settlement agreement, the circuit court entered an order purporting to appoint Du-Bose sole personal representative of the estate; to grant letters testamentary to him; and to authorize DuBose to “undertake the execution of the Will and conclude all matters necessary in that endeavor and in the settlement agreement.” In the order, the circuit court also purported to award DuBose fees for his service as personal representative and as attorney for the estate in the amounts of $127,680 and $969,992, respectively.
According to Weaver, DuBose failed to timely fulfill his obligations under the settlement agreement. In May 2007, Weaver filed a motion in the circuit court seeking to reduce the settlement to a judgment; she alleged in her motion that “[a]ll conditions precedent to the settlement have been fulfilled.” Weaver requested a hearing followed by a judgment in her favor and “against the Estate and Judge Du-Bose pursuant to the settlement agreement.” DuBose filed a response in opposition to Weaver’s motion, contending that he was in the midst of dealing with the Internal Revenue Service (“IRS”) regarding a tax lien it had filed against the estate and that enforcement of the settlement agreement would create problems for resolving the tax-lien issue.
In August 2007, the circuit court held a hearing on Weaver’s motion to reduce the settlement to a judgment. Weaver’s attorneys alleged that DuBose had repudiated the settlement by refusing to close the estate and by failing to pay Weaver the full amount she was due from the estate under the settlement agreement. At the conclusion of the hearing, the circuit court gave each side 80 days to submit briefs on the issues addressed in the hearing.
The day after the hearing, DuBose transferred all the cash in the estate to a *820 bank account maintained by his law firm, transferred 40% of the stock in the estate to a stock account in the name of his law firm, and deeded 40% of all the property in the estate to his law firm. In a letter detailing those transactions, DuBose stated that he executed them for the purpose of proving to the IRS that attorney fees had been paid by the estate, thus justifying a deduction the estate had taken on the estate-tax return for those fees. Du-Bose stated that he hoped that in exchange for proof of those actions he would receive “a closing letter and all requisite IRS forms releasing me individually and as [personal representative] or any other capacity.”
Weaver then filed a motion for a judgment and other relief in which she alleged that DuBose’s actions on the day after the hearing constituted “a breach of his fiduciary duty and further repudiation of the settlement agreement.” Weaver requested that the circuit court set aside DuBose’s transfers, that DuBose and his law firm be forced immediately to repay the sums paid to them by the estate, that DuBose be removed as personal representative of the estate and that the court appoint a replacement, that it be established that Weaver has a lien on certain real property of the estate, and that the circuit court enter a judgment against the estate and in Weaver’s favor in the amount of $1,190,000.[6]
On August 17, 2007, the circuit court entered an order concerning Weaver’s motion to reduce the settlement to a judgment and her subsequent motion for a judgment and other relief. The order states that “the actions of DuBose are in derogation of the settlement agreement reached in this case” and that the circuit court “hereby enters a judgment enforcing the settlement agreement.” The order further states: (1) That “judgment is hereby entered in favor of Cheryl Weaver and against the estate of Joseph J. Sullivan and Stuart DuBose, individually, jointly and severally in the amount of one million one hundred-ninety thousand dollars ($1,190,000.00)”; (2) that DuBose’s real-property transfers were void as “contrary to the settlement agreement”; (3) that a lien existed in favor of Weaver upon certain real property, including mineral interests, that was part of the estate; and (4) that DuBose must “take all necessary steps to ensure that the conveyances” of real property to be made to Weaver “are free from any encumbrance or lien of the IRS as pursuant to the settlement agreement.”
DuBose filed a motion to alter, amend, or vacate the circuit court’s judgment, and he requested a hearing on the motion. In part, DuBose argued that the Washington Circuit Court never acquired jurisdiction over the estate administration and thus that the judgment of the Mobile Circuit Court was void. Weaver filed a response, and DuBose asked for and received permission to file a reply to Weaver’s response. Following those submissions, on December 11, 2007, the circuit court set DuBose’s motion for a hearing on December 20, 2007. On December 19, 2007, however, the circuit court issued an order stating that DuBose’s motion to alter, amend, or vacate the judgment had been deemed denied by operation of law on December 17, 2007, and it canceled the hearing on the motion. DuBose appealed to this Court.

II. Analysis

In part, DuBose argues that the Washington Circuit Court did not acquire jurisdiction over the administration of the estate because “no removal for administration was ever filed or ordered” by that *821 court. Thus, according to DuBose, the circuit court was without jurisdiction to enter an order enforcing the parties’ settlement agreement. We agree.
 Matters of subject-matter jurisdiction are subject to de novo review. Solomon v. Liberty Nat’l Life Ins. Co., 953 So.2d 1211, 1218 (Ala.2006). Also, “[l]ack of subject matter jurisdiction may not be waived by the parties.” Ex parte Smith, 438 So.2d 766, 768 (Ala.1983).
In regard to the administration of estates, the probate court is a court of general and original jurisdiction. See Ala. Const. 1901, § 144; Ala.Code 1975, § 12-13 — 1(b). The circuit court can obtain jurisdiction over a pending administration of an estate only by removing the administration from the probate court to the circuit court pursuant to Ala.Code 1975, § 12-11-41; see Ex parte Terry, 957 So.2d 455, 457-58 (Ala.2006); Ex parte McLendon, 824 So.2d 700, 704 (Ala.2001). Section 12-11-41 provides:
“The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, dis-tributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court.”
In Ex parte Smith, 619 So.2d 1374, 1376 (Ala.1993), this Court stated that “[t]he circuit court cannot initiate the administration of an estate, because the initiation of administration is a matter exclusively in the jurisdiction of the probate court.” As this Court more recently explained in Ex parte Berry, 999 So.2d 883 (Ala.2008):
“In stating in Ex parte Smith that ‘[t]he circuit court cannot assume jurisdiction over the administration of an estate when the administration has not yet begun,’ 619 So.2d at 1375-76, this Court was referring to subject-matter jurisdiction. ‘Subject matter jurisdiction concerns a court’s power to decide certain types of cases.’ Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006). Our decision in Ex parte Smith relied on § 12-13-1, Ala.Code 1975, which grants probate courts ‘original and general jurisdiction’ over all matters enumerated in that statute, including the probate of wills and disputes over the right of executorship and administration.”
999 So.2d at 887-88 (emphasis omitted).
Further, the administration of an estate does not begin merely upon the filing in the probate court of a petition for letters of administration or of a petition for probate of a will and for letters testamentary. As to the former, this Court has recognized that “the mere filing of a petition for the administration of an estate does not in itself begin the administration; rather, the probate court must act upon the petition and thereby activate the proceedings, which may thereafter be subject to removal to the circuit court.” Ex parte Smith, 619 So.2d at 1376; see also, e.g., Allen v. Estate of Juddine, 60 So.3d 852, 855 (Ala.2010) (“The administration of the estate was initiated by the probate court when it granted Willie Jr. letters of administration.”); Ex parte Berry, 999 So.2d at 886 (“[T]his Court in Ex parte Smith [, 619 So.2d 1374 (Ala.1993),] held that removal of the will proceeding from the probate *822 court to the circuit court was premature because the probate court had not initiated the administration of the estate by acting on the petition.”); and Ex parte Kelly, 243 Ala. 184, 187, 8 So.2d 855, 857 (1942). As to the latter, this Court has noted that, where no letters of general administration have issued from the probate court and where the decedent’s will has not yet been admitted to probate, the circuit court “is without jurisdiction to make an order” removing the administration of the estate from the probate court to the circuit court. Ex parte Pettus, 245 Ala. 349, 351, 17 So.2d 409, 410-11 (1944).
In the present case no administration of the estate was initiated in the probate court. No general administrator of the estate was appointed by the probate court before the Washington Circuit Court purported to admit the will to probate and to issue letters testamentary to Weaver and DuBose, and the probate court did not admit the will to probate and issue letters testamentary before the circuit court purported to proceed with the estate administration. In other words, there was no pending estate administration that the Washington Circuit Court could have removed from the probate court pursuant to § 12-11-41.
Moreover, even were we to conclude that the administration of the estate was pending in the probate court when the Washington Circuit Court purported to assume jurisdiction over it, it does not appear that Sullivan’s heirs filed their transfer/removal petition in the circuit court, and at no time did the circuit court enter an order purporting to remove the administration of the estate from the probate court. The estate administration arrived in the Washington Circuit Court based upon an order from the probate court purporting to transfer proceedings to the circuit court. As noted above, however, see notes 3 and 4, the filing of a petition for removal in the circuit court and the entry of an order of removal by that court are prerequisites to that court’s acquisition of jurisdiction over the administration of an estate pursuant to § 12-11-41. See Ex parte Terry, supra; Nelson v. Nelson, 10 So.3d 603, 604 (Ala.Civ.App.2008); see also Ex parte Boykin, 611 So.2d 322, 326 (Ala.1992) (“ ‘ “Unless expressly authorized so to do, a court has no authority to transfer a cause from itself to another court, and thereby give the other court possession of the case to hear and determine it, although the other court would have had jurisdiction of the cause if it had come to it by due process.” 21 C.J.S., Courts, § 502, p. 769....’” (quoting Allen v. Zickos, 37 Ala. App. 361, 364, 68 So.2d 841, 843 (1953))).[7]
*823 Based on the foregoing, the circuit court should have granted DuBose’s motion requesting that it void the judgment enforcing the parties’ settlement agreement because it lacked subject-matter jurisdiction over the purported estate administration in which the judgment was entered.[8]
JUDGMENT VACATED; CASE DISMISSED; AND APPEAL DISMISSED.
COBB, C.J., and WOODALL, BOLIN, and MAIN, JJ., concur.

. In the materials before this Court in Alabama State Bar, the respondent’s name was spelled "Duhose,” with a lower case "b.” In this appeal, the appellant spells his name "DuBose.”

. We observe at this juncture that, pursuant to Ala.Code 1975, § 43-8-190, "before the probate thereof,” a will may be contested "in the court where it is offered for probate,” which of course will usually be the probate court. But see Allen v. Estate of Juddine, 60 So.3d 852 (Ala.2010). On the other hand, Ala.Code 1975, § 43-8-199, provides that a will contest may be filed in the circuit court "at any time within six months after the admission of such will to probate” (emphasis added). See Boshell v. Lay, 596 So.2d 581, 583 (Ala.1992) ("In Alabama a will may be contested in two ways: (1) before probate, a contest may be instituted in the probate court pursuant to Ala.Code 1975, § 43-8-190; or (2) after probate and within six months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated, pursuant to Ala. Code 1975, § 43-8-199. Stevens v. Gary, 565 So.2d 73 (Ala.1990). In order to contest a will under either of these methods, the contestant must strictly comply with the statutory language in order to quicken jurisdiction of the appropriate court. Bullen v. Brown, 535 So.2d 76 (Ala.1988).”).
It does not appear from the record that Sullivan’s heirs also filed their will-contest petition in the probate court. The copy of the will-contest petition contained in the record on appeal is styled for the Washington Circuit Court and includes the circuit court case number. The will-contest petition reflects the stamp of the Washington Circuit Court clerk, and the prayer for relief is directed to the Washington Circuit Court. Although the style contains an additional blank for the probate court case number, that blank is empty.

. To the extent the transfer/removal petition is construed as a petition for the transfer of a will contest, see Ala.Code 1975, § 43-8-198, providing for transfer of a will contest by the probate court to the circuit court. If the purported will contest was filed only in the circuit court, however, because no will contest was pending in the probate court at the time the transfer/removal petition was filed, then there was no will contest pending in the probate court for that court to transfer to the circuit court. We also note that § 43-8-198 provides that, "[ajfter a final determination of the contest” that has been transferred by the probate court to the circuit court, the circuit court is to transfer the matter back to the probate court to allow the recording in the probate court of the will, thus allowing the administration of the estate to proceed at that juncture in the probate court.
To the extent the transfer/removal petition sought to change the forum for the administration of the estate from the probate court to the circuit court, see Ala.Code 1975, § 12-11-41, providing the circuit court with authority to remove the administration of an estate from the probate court “at any time before a final settlement” based, in part, on an allegation that "such estate can be better administered in the circuit court than in the probate court.”
The case-action-summary sheet of the Washington Circuit Court does not reflect that the transfer/removal petition was filed in that court. The caption of the petition in the record on appeal contains a blank for both the probate court case number and the circuit court case number, but only the blank for the probate court case number is completed. Also the petition is date-stamped as having been filed in the probate court in August 2003. Thus, nothing in the record supports the conclusion that the transfer/removal petition was filed in the Washington Circuit Court in August 2003 or thereafter. (Although the transfer/removal petition also bears an October 2007 date-stamp for the Mobile Circuit Court (where the case was eventually transferred, see discussion, infra), that stamp was affixed only because the transfer/removal petition was included as an exhibit to Weaver’s response in opposition to a motion filed by DuBose; Weaver's response was filed in October 2007 in the Mobile Circuit Court.)

. As indicated by the authority referenced in note 3, supra, a probate court has authority to transfer to the circuit court a will contest pending in the probate court. See Ala.Code 1975, § 43-8-198; Ex parte McLendon, 824 So.2d 700, 704 (Ala.2001). The probate court does not have authority to transfer the administration of an estate to the circuit court; the authority to remove the administration of an estate from the probate court to the circuit court resides in the circuit court. See Ala. *818 Code 1975, § 12-11-41; Ex parte McLendon, supra. See generally Ex parte Boykin, 611 So.2d 322, 326 (Ala.1992) (""‘Unless expressly authorized so to do, a court has no authority to transfer a cause from itself to another court, and thereby give the other court possession of the case to hear and determine it, although the other court would have had jurisdiction of the cause if it had come to it by due process.” 21 C.J.S., Courts, § 502, p. 769....’ ” (quoting Allen v. Zickos, 37 Ala.App. 361, 364, 68 So.2d 841, 843 (1953))).

. Based on the materials filed with this Court in Alabama State Bar, Weaver also filed an action in the Washington Circuit Court separate from the purported estate-administration proceeding in which she alleged claims iden *819 tical to the claims in the "Complaint and Objection to Verified Statement.” DuBose filed a motion to dismiss the separate action on the grounds that Weaver was attempting to prosecute two actions for the same cause, and Weaver’s separate action was dismissed without prejudice.

. DuBose had previously paid Weaver $10,000 from the estate.

. Weaver relies upon Norton v. Liddell, 280 Ala. 353, 194 So.2d 514 (1967), for the proposition that the procedural requirements regarding transfer of the administration of an estate may be waived. The procedural history in Norton is somewhat confusing and in some respects reflects an erroneous description as to the removal of the administration of an estate from the probate court to the circuit court. Ultimately, Norton is inapposite. What was at issue on appeal in Norton was whether the circuit court had properly acquired jurisdiction over a claim for services rendered that was filed in the probate court, where the administration of the estate was pending when the claim was filed, and subsequently tried in the circuit court, which had concurrent jurisdiction over such claims. After noting that the claim at issue fell within the equity jurisdiction of the circuit court, but that the record failed "to show a proper transfer of the cause to the Circuit Court,” the Norton Court concluded that "the appellant waived the antecedent procedural steps for bringing the cause before the Circuit Court, which court otherwise had jurisdiction of the subject matter.” 280 Ala. at 357, 194 So.2d at 517.
In light of what was at issue in Norton, we do not read that case as standing for the proposition that a party can waive the requirements that a petition for removal of the *823 administration of an estate be filed in the circuit court and that the circuit court enter an order of removal. Indeed, to do so would eviscerate the line of precedent concerning the removal of the administration of an estate hereinabove discussed. (Even if we were to so read Norton, that would not change the fact that in the present case, unlike in Norton, no estate administration was ever initiated in the probate court, i.e., no subject matter over which the Washington Circuit Court or the probate court properly could have exercised jurisdiction ever came into being.)

. We express no opinion concerning whether the alleged settlement agreement entered into by Weaver and DuBose can be enforced either in a separate action or as part of a properly initiated estate-administration proceeding.