PITTMAN, Judge.
This appeal concerns the proper jurisdiction, as between a circuit court and a probate court, of a will contest that is initiated in the probate court, along with a contemporaneous request to transfer the contest to the circuit court, after a petition to admit the will to probate has been filed in the probate court (but before the probate court has acted upon the merits of the petition). We conclude that, under such circumstances, a circuit court, not a probate court, has exclusive jurisdiction to consider such a contest; therefore, we reverse the judgment of the Randolph Circuit Court (“the circuit court”) remanding *689 a will contest filed by David A. Hodges and Donald E. Hodges (“the contestants”) in the Randolph Probate Court (“the probate court”) before the probate court had acted upon the petition of Donna Hodges (“the proponent”) seeking, among other things, admission to probate of a purported will executed by Darie T. Hodges (“the decedent”), the mother of the contestants, the proponent, and two other children (Joseph E. Hodges and Clayborn C. Hodges).
The decedent died in March 2008. In April 2008, the proponent filed in the probate court a petition seeking admission of a purported will of the decedent to probate and a petition for the issuance to her of letters testamentary; of the decedent’s five children, only the contestants did not admit that the document offered was the decedent’s will. The probate court scheduled a hearing for May 19, 2008, concerning whether to admit the will to probate, and notice was provided to the contestants that they could appear on that date before the probate court to contest the will.
On May 16, 2008, three days before the scheduled hearing in the probate court, the contestants filed a document in the probate court labeled as a “complaint for contest of last will and testament” and a “petition to remove this case from the probate court to the circuit court” (“the complaint/petition”). The contestants averred in the complaint/petition, in pertinent part, that they were heirs of the decedent; that the decedent, at the time she executed the document offered by the proponent as the decedent’s will (i.e., in August 2007), had been “in a grief stricken state” because of her husband’s death in July 2007; that the decedent had lacked testamentary capacity; that the proponent had unduly influenced the decedent; and that the document had not been properly executed or attested. The complaint/petition requested that the probate court “assume jurisdiction” of the contest, that the probate court “grant the removal” to the circuit court, and that the will offered by the proponent ultimately be deemed invalid; the complaint/petition also demanded a jury trial.
The probate court took no immediate action on the complaint/petition, but it apparently proceeded to hear the merits of the proponent’s petition to admit the will to probate on May 19, 2008; on that date, the probate court entered an order purporting to admit the will to probate. However, three days later, on May 22, 2008, the probate court ordered that the case be transferred to the circuit court upon the motion of the contestants. While the case was pending in the circuit court, the contestants amended their complaint/petition to add additional grounds — fraud and misrepresentation — as bases for their will contest. The proponent sought dismissal of the amendment; she also averred, in her answer in the circuit court to the contestants’ petition/complaint, that the contestants “ha[d] no standing to contest the ... [w]ill ... until the same has been admitted to probate.” Subsequently, the proponent moved for the cause to be remanded to the probate court, contending that the probate court had taken no substantive action on the petition to probate the will at the time the complaint/petition was filed and that the circuit court could not properly have assumed jurisdiction over the administration of the estate of the decedent because the administration had not yet begun as of May 16, 2008. The contestants filed a response opposing the motion to remand, contending that they had properly contested the will pursuant to Ala.Code 1975, §§ 43-8-190 and 43-8-199; they averred that the complaint/petition was properly filed in and transferred from the probate court and that, pursuant to Ala.Code 1975, § 43-8-198, the cause was not due to be remanded. On February 3, 2010, the circuit court entered a judgment remanding *690 the cause to the probate court, a judgment we deem final because it contemplated no further proceedings in the circuit court. See Ex parte Terry, 985 So.2d 400, 402 (Ala.2007) (circuit-court order remanding administration of estate to probate court amounts to a final judgment). Following the denial of their postjudgment motion attacking the propriety of the remand, the contestants appealed; the appeal was transferred to this court pursuant to Ala. Code 1975, § 12-2-7(6).
The contestants posit that the probate court had no jurisdiction to take further action as to whether the purported will offered by the proponent was due to be admitted to probate after the filing of the complaint/petition. The contestants also assert that the circuit court had no authority to remand the will contest after acquiring jurisdiction over it. The proponent argues that the circuit court’s judgment of remand should be affirmed because, she says, the contestants elected to proceed with them will contest in the probate court, the probate court correctly admitted the will to probate in its May 19, 2008, order, the contestants failed to timely appeal from that order, the contestants further failed to file a contest of the will in the circuit court within six months of the entry of the May 19, 2008, order, and the admission of the will to probate is now final under the doctrine of res judicata.
The correctness of the proponent’s position is wholly dependent upon the nature of the contestants’ filing and its legal effect upon the continuing jurisdiction of the probate court. Before considering those crucial issues, however, we note in passing the looseness of the terminology used by practitioners and tribunals with respect to the various means by which issues arising with respect to decedents’ estates — a subject placed by law within the original jurisdiction of the probate courts of this state— may properly be placed instead within the original jurisdiction of the circuit courts of this state.
The Alabama Code provides for two separate and distinct mechanisms in this regard that are pertinent in this case: Ala. Code 1975, § 12-11-41, allows a circuit court to order removal of a pending administration of any estate at any time before final settlement, whereas Ala.Code 1975, § 43-8-198, mandates that a probate comi, must order the transfer of a will contest brought in that probate court upon the demand of any party to the contest at the time of the filing of an initial pleading. See generally DuBose v. Weaver, 68 So.3d 814, 816-18 and nn. 2-4 (Ala.2001). Although certain litigants have loosely referred to the process of transferring a will contest to the circuit court as constituting a “removal” (e.g., Ex parte McLendon, 824 So.2d 700, 701-02 (Ala.2001) (in which heir filed petition in circuit court seeking “removal” of will contest despite her manifest intention to seek a transfer thereof), and although certain appellate opinions have similarly failed to adhere strictly to the distinction between the two mechanisms (Neuman v. Savas, 878 So.2d 1147, 1149 (Ala.2003) (noting that contestant had not “file[d] a petition for removal when she filed her ... notice of the will contest” in the probate court (emphasis added)), the rule in this jurisdiction is that “motions and pleadings are considered according to their substance and not their labels.” McLeod v. White, 45 So.3d 360, 364 (Ala.Civ.App.2010).
The complaint/petition filed by the contestants in the probate court is by no means a model of clarity, especially given that, at various points, it simultaneously beseeches the probate court to assume jurisdiction, purports to give notice that the cause has been “remov[ed]” to the circuit court, requests that the probate *691 court “grant the removal” of the cause, and asks for a determination that the will submitted for probate by the proponent be declared invalid. However, a fair reading of the complaint/petition discloses that the contestants substantially indicated therein not only their desire to contest the will and the substance of alleged grounds therefor (a contest that Ala.Code 1975, § 43-8-190, permits to be asserted, in the first instance, only in the probate court if the will has not yet been admitted to probate), but also their desire to simultaneously invoke their rights under Ala.Code 1975, § 43-8-198, to have the circuit court adjudicate the contest via the transfer mechanism (which requires that a transfer, if desired, be “demanded ... at the time of filing the initial pleading”). We derive support for this conclusion from the propositions of law that (a) a probate court cannot itself cause the “removal” of the administration of an estate as a whole to a circuit court (see DuBose, 68 So.3d at 818 n. 4); and (b) the administration of an estate must have been initiated by the probate court’s appointment of a personal representative of an estate before the circuit court can “remove” the administration of the estate from the probate court (see id., 68 So.3d at 821-22 (citing, among other cases, Ex parte Kelly, 243 Ala. 184, 187, 8 So.2d 855, 857 (1942)). Thus, the complaint/petition is correctly understood as having sought transfer of the contest, not removal of administration.
Because the complaint/petition properly demonstrated the contestants’ interest in the case and properly sought a transfer of the contest, under Alabama law, the probate court in this case lost any authority to adjudicate the contest that it would otherwise have had. Under the holding in Ex parte McLendon, “once a will contestant seeking to remove the contest pursuant to § 43-8-198 makes a pri-ma facie showing that he or she is a person described in § 43 — 8—190[, Ala.Code 1975, which pertains to who may contest a will] as one ‘interested therein,’ the probate court ‘must enter an order transferring the contest to the circuit court.’ ” 824 So.2d at 705 (quoting § 43-8-198; emphasis added in McLendon). Just as a court lacking subject-matter jurisdiction has no authority to do anything other than enter a judgment of dismissal, see Cadle Co. v. Shabani, 4 So.3d 460, 463 (Ala.2008), a probate court confronted with a proper and timely transfer demand accompanying a will contest can do nothing but comply with the mandate of the legislature and refer the contest to the appropriate circuit court. See Summerhill v. Craft, 425 So.2d 1055, 1056 (construing Ala.Code 1975, § 43-1-78, which was repealed and was replaced by § 43-8-198). Therefore, we agree with the contestants that the filing of the complaint/petition triggered a mandatory duty on the part of the probate court to transfer the contest to the circuit court forthwith, and without further action touching on the validity of the will submitted by the proponent; thus, assuming that the May 22, 2008, transfer order does not amount to a sua sponte vacation of the probate court’s May 19, 2008, order purporting to admit the will to probate, we conclude that the May 19, 2008, order was void ab initio (see Summerhill, 425 So.2d at 1056), had no res judicata effect,[1] and could not have supported an appeal in the *692 manner that the proponent suggests in her appellate brief that the contestants should have taken.
We similarly agree with the contestants that the circuit court erred in remanding the contest to the probate court after that court’s May 22, 2008, order transferring the contest to the circuit court. Upon a probate court’s transfer of a will contest to the circuit court, “[t]he issues must be made up in the circuit court as if the trial were to be had in the probate court, and the trial had in all other respects as trials in other civil cases in the circuit court.” Ala.Code 1975, § 43-8-198. That Code section further provides that it is only “fajfier a final determination of the contest” that the circuit court’s judgment is certified and the “papers and documents theretofore certified” are to be sent “back to the probate court from which they were first certified.” Id. (emphasis added). A circuit court thus has no authority to remand a will contest that has properly been transferred from a probate court pursuant to § 43-8-198 without having adjudicated the merits of the contest. See Steele v. Sullivan, 484 So.2d 422, 425 (Ala.1986) (circuit court had no authority to strike from its docket a will contest that had been timely filed in the probate court; the probate court’s transfer order was entered before the entry of any judgment admitting the will to probate); cf. State v. SouthTrust Bank of Baldwin County, 634 So.2d 561, 563-64 (Ala.Civ.App.1994) (circuit court could not properly remand to probate court the compensation aspect of a condemnation judgment as to which a proper appeal for a trial de novo had been taken).
Based upon the foregoing facts and authorities, we conclude that the circuit court acquired exclusive subject-matter jurisdiction to adjudicate the merits of the contestants’ timely will contest, as transferred by the probate court, and that the circuit court erred in failing to exercise that jurisdiction. The circuit court’s judgment remanding the case is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. Our conclusion renders unnecessary our consideration of the argument, raised in the contestants’ reply brief, that the proponent, by virtue of her filings in the circuit court, is estopped from asserting on appeal the proposition that the probate court’s May 19, 2008, order purporting to admit the will to probate is valid on the ground that she previously had asserted in the circuit court, in her motion to remand the contest, that the probate court had taken no substantive action on her petition for probate of the will.