MURDOCK, Justice
(dissenting).
I respectfully dissent.
It appears to me that the acts for which an administrator ad colligendum is appointed under § 43-2-47, Ala.Code 1975— collecting and preserving estate assets— amount to the beginning of the administration of an estate. Here the probate court entered an order that admitted the will to probate and recognized that an estate (i.e., “property of the decedent,” § ⅛3-8-1(8), Ala.Code 1975) did exist and that it was necessary to begin the process of collecting and preserving the assets of that estate. It would seem to me that this determination by the probate court and the process of collecting and preserving the estate assets are within the scope of the legislature’s provision for the removal of the administration of an estate to the circuit court under § 12 — 11—41, Ala.Code 1975.
Further, I note that, on a practical level, the decisions and actions of an administrator ad colligendum could turn out to be substantial and consequential and could go on for many months or even a year or more. I do not think the legislature intended to prevent parties aggrieved by the manner in which these administrative activities are occurring, or are being approved by the probate court, from being able to seek the involvement of a circuit court, just as they could if the duties being performed by the administrator ad colli-gendum were being performed (as they typically are) by a permanent personal representative.
The main opinion relies heavily upon DuBose v. Weaver, 68 So.3d 814, 821 (Ala.2011); however, the point this Court made in the last paragraph of the passage quot *145 ed in the main opinion from DuBose was simply that “the administration of an estate does not begin merely upon the filing in the probate court of a petition for letters of administration or of a petition for probate of a will and for letters testamentary.” 68 So.3d at 821 (emphasis added). The DuBose Court continued by explaining that “the probate court must act upon the petition and thereby activate the proceedings, which may thereafter be subject to removal to circuit court.” 68 So.3d at 821 (some emphasis added). The probate court in this case has “act[ed] upon the petition”; it has “activate[d] proceedings” by granting the petition and admitting the will to probate; and it has recognized the existence of an estate in need of administration and has appointed someone to begin the process of that administration.
I also note that the quoted passage from DuBose ends with the following statement: “[WJhere no letters of general administration have issued from the probate court and where the decedent’s tvill has not yet been admitted to probate, the circuit court ‘is without jurisdiction to make an order’ removing the administration of the estate.” DuBose, 68 So.3d at 821. Again, the latter condition is not met here.