STUART, Chief Justice.
The estate of Ray Wendell Williams appeals the judgment of the Randolph Circuit Court ordering it to make a monthly payment of $1,000 to Williams's daughter Kimberly Loveless pursuant to a provision in Williams's will directing WTW Enterprises, Inc. ("WTW"), a trucking business operated by Williams before his death, to commence paying Loveless a monthly salary of "no less than $1,000" upon his death. We dismiss the appeal.
*826 On July 17, 2015, Williams died in Roanoke; he was survived by his second wife Kathy Williams ("Kathy") and her son Jeff Mitchell, as well as by Loveless, the only child of his first marriage to Sheila Boyd. During his lifetime, Williams had operated WTW with assistance from Kathy and Mitchell, and "Item Seven" of his will provided as follows regarding his wishes for WTW following his death:
"I am the owner of the stock of [WTW]. My wife, Kathy, and her son, [Mitchell], are currently employed there. I bequeath 51 percent of my stock in [WTW] to my wife, Kathy, 24.5 percent of my stock in WTW to my daughter [Loveless], and 24.5 percent of my stock in WTW to Jeff Mitchell. This conveyance of stock to these three individuals is subject to the following restrictions and directives:
"(1) I direct that the maximum salary which may be paid to Kathy by WTW in any year shall not exceed $75,000.
"(2) I direct that the salary paid to her son, [Mitchell], in any year shall not exceed the sum of $60,000.
"(3) I further direct that neither my wife, Kathy, nor her son, [Mitchell], be paid any bonus above their salary which would diminish the net income available for distribution to my wife, Kathy, and my daughter, [Loveless].
"(4) I direct that my daughter, [Loveless], be paid no less than $1,000 salary per month by WTW.[1 ]
"(5) Each year, after all salaries and expenses have been paid, should the parties not have a specific need for expansion of the business, I direct that the net income after payment of all expenses and taxes shall be paid to the stockholders according to their respective interests in the company.
"Payment of this dividend, if any, should be done within 45 days after completion of all calculations sufficient to allow the net income of the business to be determined.
"(6) I direct that should either Kathy or [Loveless] desire to sell all or any portion of their stock interest in WTW the same shall first be offered to the other owner before being sold to an outside third party. Any such sale of the stock by either Kathy or [Loveless] should result in the stock being sold for its fair market value."
In accordance with Item Seven of the will, WTW commenced making $1,000 monthly payments to Loveless shortly after Williams's death.
On August 20, 2015, Kathy, the residuary legatee named in Williams's will, petitioned the Probate Court of Randolph County to admit Williams's will to probate and to appoint her administratrix of the estate.[2] Loveless objected to the appointment of Kathy as administratrix, however, arguing that Kathy had shown poor judgment since Williams's death and that she was incapable of handling the affairs of the estate in a fair and equitable manner. On *827 September 14, 2015, the probate court nevertheless granted Kathy's petition and appointed her administratrix of Williams's estate.
On October 22, 2015, Loveless petitioned the probate court to remove the administration of the estate to the Randolph Circuit Court, arguing that "this is a complicated matter involving substantial assets that will be more efficiently resolved in circuit court." That same day, the probate court granted Loveless's petition, entering an order declaring that the administration of the estate was transferred to the circuit court and directing that the court file and all documents previously filed in the probate court be transmitted to the circuit court. It appears that the circuit court thereafter took over administration of the estate because the next filing in the record is a November 5, 2015, notice of appearance filed by Loveless's attorney in the circuit court.
In the meanwhile, a dispute arose regarding whether Williams in fact owned 100% of the stock in WTW at the time of his death or whether his first wife Boyd held a 50% interest in the company; this dispute ultimately resulted in WTW ceasing to make the monthly payments of $1,000 to Loveless directed in Williams's will.[3] Loveless thereafter moved the circuit court to compel the resumption of those payments, and the circuit court ultimately granted her motion, entering a judgment against the estate, Kathy, and WTW, directing them to make up the missed back payments and to thereafter pay Loveless $1,000 by the first of each month. The estate now appeals that judgment,[4] arguing both that the circuit court erred by ordering it and Kathy to make the monthly payments to Loveless Williams directed WTW to make and that Williams had no authority to direct WTW to make any monthly payments following his death because he was not, the estate alleges, the majority shareholder of WTW at the time of his death.[5] For the reasons that follow, we dismiss the appeal.
In DuBose v. Weaver, 68 So.3d 814 (Ala. 2011), this Court considered an appeal involving the administration of an estate by the Washington Circuit Court in which the appellant challenged the subject-matter jurisdiction of that court because, he argued, the court had never formally removed the matter from the Washington Probate Court; rather, the Washington Probate Court had purported to transfer the case to the Washington Circuit Court. In holding that subject-matter jurisdiction was lacking, this Court explained:
*828 "[E]ven were we to conclude that the administration of the estate was pending in the probate court when the Washington Circuit Court purported to assume jurisdiction over it, it does not appear that [the heirs that sought to remove the administration of the estate to the circuit court] filed their transfer/removal petition in the circuit court, and at no time did the circuit court enter an order purporting to remove the administration of the estate from the probate court. The estate administration arrived in the Washington Circuit Court based upon an order from the probate court purporting to transfer proceedings to the circuit court. As noted above, however, see notes 3 and 4, the filing of a petition for removal in the circuit court and the entry of an order of removal by that court are prerequisites to that court's acquisition of jurisdiction over the administration of an estate pursuant to § 12-11-41[, Ala. Code 1975 ]. See Ex parte Terry, [957 So.2d 455, 457-58 (Ala. 2006) ] ; Nelson v. Nelson, 10 So.3d 603, 604 (Ala. Civ. App. 2008) ; see also Ex parte Boykin, 611 So.2d 322, 326 (Ala. 1992) (' " 'Unless expressly authorized so to do, a court has no authority to transfer a cause from itself to another court, and thereby give the other court possession of the case to hear and determine it, although the other court would have had jurisdiction of the cause if it had come to it by due process.' 21 C.J.S., Courts, § 502, p. 769 ...." ' (quoting Allen v. Zickos, 37 Ala. App. 361, 364, 68 So.2d 841, 843 (1953) ) )."
68 So.3d at 822.
The procedural history in the instant case is essentially the same -- a party petitioned the probate court to transfer the administration of an estate to the circuit court; the probate court granted that petition and took action purporting to transfer administration of the estate to the circuit court; and the circuit court thereafter took over administration of the estate without entering an order of its own authorizing the removal. For the reasons explained in DuBose, such a transfer is improper, and the circuit court never properly acquired subject-matter jurisdiction over the administration of Williams's estate. See also McElroy v. McElroy, 254 So. 3d 872, 877 (Ala. 2017) ("[T]he administration of [the decedent's] estate was not properly removed from the probate court; therefore, the circuit court never obtained jurisdiction over the administration of [the] estate."). Accordingly, all actions the circuit court purported to take in this case -- including the judgment the estate has appealed concerning the validity of the directive in Williams's will requiring WTW to pay Loveless a $1,000 monthly salary -- are void due to the lack of subject-matter jurisdiction, and the appeal must therefore be dismissed.
APPEAL DISMISSED.
Bolin, Shaw, Wise, and Sellers, JJ., concur.

Although the will characterizes the $1,000 monthly payment to be made to Loveless as "salary," there is no evidence indicating that she had been an employee of WTW, and she is not required to provide any services in return for the payment.

In his will, Williams had appointed a friend to be executor of his estate; however, that friend renounced his appointment following Williams's death. See § 43-2-27, Ala. Code 1975 ("If no person is named in the will as executor, or if named executors, one or more, all renounce ..., the residuary legatee ... is entitled to letters of administration, with the will annexed ....").

Kathy and Boyd eventually reached a settlement whereby Boyd agreed to transfer any interest she had in WTW to Kathy and to release any related claims in exchange for a cash settlement, the amount of which remained confidential.

The estate remains open, and the jurisdictional basis for this appeal is unclear; it does not appear that a final judgment has been entered, and no statute or rule that would otherwise establish jurisdiction has been cited. See Hamilton v. Connally, 959 So.2d 640, 642 (Ala. 2006) (" 'An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties.' Palughi v. Dow, 659 So.2d 112, 113 (Ala. 1995). For a judgment to be final, it must put an end to the proceedings and leave nothing for further adjudication. Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So.2d 316, 320 (Ala. 2001)."). However, it is ultimately unnecessary to resolve this jurisdictional issue inasmuch as there is another jurisdictional defect that requires the dismissal of this appeal.

The estate also argues that the circuit court erred by entering a judgment against Kathy and WTW because they were never served and they were not, the estate argues, parties to the case. However, neither Kathy nor WTW has filed a notice of appeal.