Rel: June 12, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

————————————————

### SC-2025-0132

————————————————

**Sally Wood**

**v.**

**Health Care Authority for Baptist Health, an affiliate of UAB Health System, d/b/a Baptist Medical Center South; and University of South Alabama, by and through its division, USA Health University Hospital**

**Appeal from Montgomery Circuit Court**
**(CV-24-900511)**

McCOOL, Justice.

Sally Wood appeals from the Montgomery Circuit Court's judgment dismissing her action against the Health Care Authority for Baptist Health, an affiliate for UAB Health System, d/b/a Baptist Medical Center South ("Baptist"); and University of South Alabama, by and through its division, USA Health University Hospital ("USA") (referred to collectively as "the defendants"). We reverse the trial court's judgment.

<u>Facts and Procedural History</u>

According to the complaint, in October 2022, Wood was a passenger in a vehicle driven by Tracy Horn and owned by Buna Palmer. While traveling in Montgomery County, Horn drove on the wrong side of the road and collided with an oncoming vehicle. Wood was seriously injured in the collision. Wood was initially treated for her injuries at Baptist Medical Center South, and then she was transferred to USA Health University Hospital for further treatment.

On November 4, 2022, USA filed a hospital lien in the Mobile Probate Court in the amount of $51,403.92. <u>See</u> § 35-11-370 et seq., Ala. Code 1975. On November 14, 2023, Baptist filed a hospital lien in the Montgomery Probate Court in the amount of $125,726.30. The liens

secured payment for Wood's treatment from any settlement or recovery she might receive on account of her injuries.

Palmer had an insurance policy that provided $25,000 in liability coverage and $50,000 in underinsured-motorist coverage. In July 2023, Wood reached a settlement in principle with Palmer's insurance company for $75,000. The $50,000 from the underinsured-motorist coverage was paid to Wood in July 2023, and it is currently being held in trust by Wood's attorney. Concerning those proceeds, Wood signed a release with the insurance company, releasing the insurance company from further liability but promising to satisfy all liens and subrogation interests, as required by law, from the proceeds. The $25,000 from the liability coverage has not been paid to Wood. It appears that a settlement for that amount has been agreed to in principle, but no release or settlement agreement has been signed, and the insurance company is retaining those proceeds until all liens have been satisfied.

In April 2024, Wood filed in the trial court a "complaint for interpleader and declaratory relief," and she amended the complaint in June 2024. In the complaint, Wood asked the trial court, "pursuant to Rule 22 of the Alabama Rules of Civil Procedure," to either declare that

the defendants' liens are invalid or to determine the fair and reasonable amounts that the defendants are owed for their services. The complaint stated that Wood "stands ready to tender the funds to the court or to hold funds in trust and tender them to the parties dependent upon and pursuant to court order."

USA moved the trial court to dismiss Wood's complaint for lack of jurisdiction. USA argued that it was entitled to State immunity under Article I, § 14, of the Alabama Constitution of 2022 because it is an agency of the State of Alabama.

Wood responded to the motion to dismiss, arguing that "[the trial court] maintains jurisdiction over an interpleader dispute concerning the amount or validity of the liens at issue." Wood also filed a supplemental response, arguing that, if State immunity does apply and she cannot challenge the liens, she would be denied due process under the Alabama Constitution and the United States Constitution.

After holding a hearing, the trial court ordered the case to mediation. However, the case did not settle in mediation.

On January 14, 2025, the trial court dismissed Wood's claims against Baptist and USA. The trial court found:

4

"Defendant University of South Alabama, by and through its division, USA Health University Hospital (Defendant USA) is a state entity.

"Defendant USA is immune from an interpleader and declaratory action, and therefore this court has no jurisdiction over Defendant USA.

"The Court further finds that Defendant USA is a necessary party to the action, and that the action cannot proceed solely against Defendant Baptist Health, d/b/a Baptist Medical Center South (Defendant Baptist).

"Therefore, Defendant USA's Motion to Dismiss is GRANTED. Plaintiffs claims against Defendant USA and Defendant Baptist are DISMISSED with prejudice. No costs taxed to any party, all costs incurred to be born by the party that incurred them."

(Capitalization in the original.)  Wood appealed to this Court.

## Standard of Review

"A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So. 2d 285, 288 (Ala. 2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So. 2d at 299."

Newman v. Savas, 878 So. 2d 1147, 1148-49 (Ala. 2003).  Further,

"[m]atters of subject-matter jurisdiction are subject to de novo review."

DuBose v. Weaver, 68 So. 3d 814, 821 (Ala. 2011).

5

Discussion

On appeal, Wood argues that, contrary to the trial court's holding, her interpleader claim does not implicate State immunity and that, thus, the trial court had subject-matter jurisdiction over her claim and erred in dismissing it. We agree.

In Ex parte Board of Trustees of University of Alabama, [Ms. SC-2025-0240, Dec. 12, 2025] ___ So. 3d ___ (Ala. 2025), a patient who received medical services at a state-university hospital brought an action challenging a hospital lien asserted by the state university's board of trustees. The patient's original complaint included an interpleader claim seeking to deposit disputed settlement funds with the court so that competing claims to those funds could be adjudicated. However, after the board moved to dismiss the action on the ground that it was entitled to State immunity, the patient amended her complaint to remove the interpleader claim and to proceed only on various tort, contract, and constitutional claims. After the trial court denied the board's motion to dismiss, the board petitioned this Court for a writ of mandamus.

This Court held that State immunity barred the patient from pursuing the tort, contract, and constitutional claims, and, thus, we

6

directed the trial court to grant the board's motion to dismiss. Id. at ___.

However, concerning the interpleader claim, this Court stated:

"[W]e note that, consistent with § 14 immunity principles, Alabama courts have repeatedly entertained suits that resolve hospital liens asserted by UAB Hospital through the procedural mechanism for interpleader found in Rule 22, Ala. R. Civ. P.

"Through interpleader claims, Alabama courts have long adjudicated disputes over liens filed by state-run hospitals without treating immunity as a jurisdictional bar. For example, in Ex parte University of South Alabama, 761 So. 2d 240, 242 (Ala. 1999), this Court reviewed the merits of an interpleader case involving a hospital 'operated by the University of South Alabama.' Likewise, in Roberts v. University of Alabama Hospital, 27 So. 3d 512, 514 (Ala. Civ. App. 2008), the plaintiffs interpleaded two drafts that had been issued by a liability insurer, and the trial court added a hospital asserting a lien as a defendant and adjudicated the lien's validity and amount. Other decisions reflect the same practice. See, e.g., Progressive Specialty Ins. Co. v. University of Alabama Hosp., 953 So. 2d 413 (Ala. Civ. App. 2006) (entertaining a declaratory-judgment action regarding a hospital lien); Board of Trs. of Univ. of Alabama v. Richards, 405 So. 3d 267, 271 (Ala. Civ. App. 2024) (relying on Roberts to note that interpleader provides a proper avenue for resolving hospital-lien disputes).

"These precedents show that Alabama courts understand interpleader as a proper procedural vehicle for litigating the validity and amount of hospital liens, even when state-owned universities are the defendants. And even if the defendant in some of those cases did not expressly raise an affirmative immunity defense, this Court's failure to raise subject-matter jurisdiction ex mero motu reinforces the point. See, e.g., Puckett v. Board of Trs. of Univ. of Alabama, 408 So.

7

3d 730, 733-34 (Ala. 2024) (Cook, J., dissenting) ('Although the applicability of State immunity was not expressly decided in the above-mentioned cases, we have held that State immunity is an issue of subject-matter jurisdiction and that appellate courts are "'duty bound to notice <u>ex mero motu</u> the absence of subject-matter jurisdiction.'"' (quoting <u>Baldwin Cnty. v. Bay Minette</u>, 854 So. 2d 42, 45 (Ala. 2003), quoting in turn <u>Stamps v. Jefferson Cnty. Bd. of Educ.</u>, 642 So. 2d 941, 945 n.2 (Ala. 1994))).

"The availability of interpleader is pivotal in the present case. [The plaintiff] herself first recognized it as the proper path for obtaining the relief she desired when she included an interpleader claim in her original complaint and then maintained that claim all the way through the hearing on the Board's motion to dismiss. At that stage, she possessed a clear procedural vehicle by which the trial court could have exercised jurisdiction to resolve the validity and amount of the lien.

"However, for reasons unknown to this Court, [the plaintiff] chose to set that mechanism aside when she withdrew her motion to deposit the settlement funds and then amended her complaint to remove her interpleader claim. By doing so, she relinquished a well-established avenue that would have allowed the trial court to adjudicate her claim in a manner that would not have run afoul of § 14."

<u>Ex parte Board of Trs. of Univ. of Alabama</u>, ___ So. 3d at ___ (footnotes omitted).

In the present case, Wood's attempt to litigate the validity and amount of the hospital liens through an interpleader claim under Rule 22, Ala. R. Civ. P., did not implicate State immunity and, thus, did not

8

deprive the trial court of jurisdiction. Further, unlike the plaintiff in Ex parte Board of Trustees of University of Alabama, Wood has not abandoned her interpleader claim. Therefore, the trial court erred in granting USA's motion to dismiss for lack of jurisdiction and not allowing Wood to pursue her interpleader claim.

## Conclusion

Based on the foregoing, this Court holds that the trial court had jurisdiction over Wood's interpleader claim and, consequently, erred in dismissing the claim. Therefore, we reverse the trial court's judgment, and we remand the case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Stewart, C.J., and Wise and Cook, JJ., concur.

Bryan, J., concurs in the result.

Shaw, J., dissents, with opinion, which Sellers and Parker, JJ., join.

Mendheim, J., dissents, with opinion.

9

SHAW, Justice (dissenting).

The Alabama Constitution of 2022 states: "That the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. 2022, art. I, § 14. Section 14 "affords the State and its agencies an 'absolute' immunity from suit in any court." Haley v. Barbour Cnty., 885 So. 2d 783, 788 (Ala. 2004). The University of South Alabama ("USA") is an agency of the State and is absolutely immune from suit: "USA is a State institution of higher learning and, as a matter of law, is a State agency entitled to the absolute immunity of § 14." Ex parte University of S. Alabama, 183 So. 3d 915, 919 (Ala. 2015). See also Sarradett v. University of S. Alabama Med. Ctr., 484 So. 2d 426, 426 (Ala. 1986) ("[T]he operation of a hospital by a state university falls within the realm of sovereign immunity.").

Sally Wood commenced a declaratory-judgment and interpleader action naming as a defendant USA Health University Hospital, which is a division of USA. Thus, a State agency -- essentially the State itself --

10

has been made a defendant in a court of law. This violates § 14.[1] Haley, supra, and Ex parte University of S. Alabama, supra.

This does not mean that it is impossible to file suits over State funds; there are "exceptions" to State immunity that may provide means to resolve such disputes. See generally Ohio Valley Conference v. Jones, 385 So. 3d 948 (Ala. 2023) (discussing numerous such "exceptions" and suits). But those suits require State officials to be named as defendants, not the State or its agencies. Ex parte Alabama Dep't of Transp., 978 So. 2d 17, 22 (Ala. 2007) (noting that any "exceptions" to § 14 immunity "extend only to suits naming the proper State official in his or her representative capacity" (emphasis added)). See also Alabama Dep't of

---

[1] It is true that prior caselaw in hospital-lien suits against State agencies have failed to recognize the absolute immunity afforded by § 14. Any argument that those decisions provide precedent that § 14 does not apply to those suits is refuted by the decision in Ex parte Town of Lowndesboro, 950 So. 2d 1203, 1210 (Ala. 2006) (explaining why prior decisions failing to recognize that an attorney-fee award against the State is barred by § 14 cannot be deemed as precedent allowing such awards, namely because the issue was "not decided by the courts and made part of the opinion of the case"). See also Ex parte James, 836 So. 2d 813, 818 (Ala. 2002) ("Arguments based on what courts do not say, logically speaking, are generally unreliable and should not be favored by the judiciary; this is especially true when the judiciary is faced with, as we are here, a contrary constitutional mandate ...."）.

Transp. v. Harbert Int'l, Inc., 990 So. 2d 831, 841 (Ala. 2008) (noting that "only State officers ... and not State agencies" may be named as defendants in suits under the "exceptions" to § 14 immunity).

If this Court were to create a new "exception" to the Constitution for declaratory-judgment and interpleader suits involving hospital liens, such suits could be maintained only against State officials and not the State or its agencies. Harbert, 990 So. 2d at 841 (holding that the "exception" to § 14 allowing certain declaratory-judgment suits applies only to suits against State officers and not against State agencies). Naming the State or one of its agencies as a defendant is contrary to the clear text of the Constitution.

Sellers and Parker, JJ., concur.

MENDHEIM, Justice (dissenting).

I respectfully dissent.

On January 14, 2025, the Montgomery Circuit Court entered an order dismissing Sally Wood's action against the University of South Alabama ("the University") and "Baptist Health, d/b/a Baptist Medical Center South" ("Baptist Health").  I agree with Justice Shaw that, based on our State-immunity precedents, the circuit court did not err in dismissing Wood's action against the University.

I note that the circuit court also dismissed the action against Baptist Health , stating the following in the January 2025 order:

> "The Court further finds that [the University] is a necessary party to the action, and that the action cannot proceed solely against [Baptist Health].
>
> "Therefore, [the University's] Motion to Dismiss is GRANTED. Plaintiff's claims against [the University] and [Baptist Health] are DISMISSED with prejudice."

(Capitalization in original.)

On appeal, Wood has made no argument that the circuit court erred by dismissing her claims against Baptist Health based on the application of Rule 19, Ala. R. Civ. P.  Specifically, Wood has not argued that the circuit court erred by dismissing the action because, even assuming the

13

dismissal of the University was proper, she should have been permitted to substitute the proper state officials for the University so that her action could proceed against them and Baptist Health. While this Court may raise the absence of a necessary party under Rule 19 ex mero motu, see Chicago Title Ins. Co. v. American Guarantee & Liab. Ins. Co., 892 So. 2d 369, 371 (Ala. 2004), in the present case the action is not at risk of proceeding in the absence of a necessary party and, when the January 2025 order was entered, the same claims Wood alleged against the University in the present action were pending, as Wood's counterclaims, in an action commenced against her by the University in the Mobile Circuit Court.

I further note that, even if this Court were to conclude that the case should be remanded to allow Wood to add the proper state officials as defendants in lieu of the University, I would not presume that the circuit court might err regarding the application of Ala. Code 1975, § 35-11-370 et seq., despite the absence of any binding precedent from this Court addressing State immunity in that context. Unlike the main opinion, I cannot conclude that dicta from Ex parte Board of Trustees of the University of Alabama, [Ms. SC-2025-0240, Dec. 12, 2025] ___ So. 3d ___

(Ala. 2025) -- which in turn based its rationale on (1) a dissenting opinion from a case that was affirmed without an opinion, see <u>Puckett v. Board of Trs. of the Univ. of Alabama</u>, 408 So. 3d 730, 733-34 (Ala. 2024) (Cook, J., dissenting), which has no precedential value, see Rule 53(d), Ala. R. App. P., and (2) precedents not addressing the issue whether State immunity bars an action under Ala. Code 1975, § 35-11-373 -- reflect a precedential ruling, much less a rationale, of this Court. See <u>Ex parte Town of Lowndesboro</u>, 950 So. 2d 1203, 1210 (Ala. 2006) (Even if raised by the parties, a jurisdictional issue "not decided by the courts and made part of the opinion of the case" has no precedential effect.); see also <u>Arizona Christian Sch. Tuition Org. v. Winn</u>, 563 U.S. 125, 144-45 (2011) ("When a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no defect existed. … The Court would risk error if it relied on assumptions that have gone unstated and unexamined."). And given the complexities of the hospital-lien issue, including questions whether a state-agency-operated hospital is authorized to file a lien under the plain language of Ala. Code 1975, § 35-11-370 (stating that "[a]ny person, firm, hospital authority, or corporation operating a hospital in this state shall have a

lien ...."), see also Ala. Code 1975, § 1-1-1(10) (stating that "person" "[i]ncludes an individual, corporation, partnership, company, or other business entity"), and the potential separation-of-powers concerns that may be implicated by an overly broad construction of a trial court's power under § 35-11-373 in relation to any lien held by a state-agency-operated hospital "for all reasonable charges for hospital care, treatment, and maintenance," § 35-11-370, surely a fully developed record and some rationale beyond "well we have done it before" would be necessary to address the issue.